VARIOUS ITEMS OF PERSONAL PROPERTY ET AL. *v.* UNITED STATES.

No. 114. Argued January 27, 1931.—Decided February 24, 1931.

Mr. *Lewis Landes* for petitioners.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. John J. Byrne* and *Paul D. Miller* were on the brief, for the United States.

Mr. JUSTICE SUTHERLAND delivered the opinion of the Court.

This was a proceeding, under R. S. §§ 3257 and 3281, by the United States to forfeit a distillery, warehouse and denaturing plant of the Waterloo Distilling Corporation on the ground that the corporation had conducted its distilling business upon the premises with intent to defraud, and had defrauded, the government of the tax on the spirits distilled, in consequence of which the premises had become forfeited to the government. The fraud alleged was the withdrawal of alcohol ostensibly for non-beverage but in reality for beverage purposes, without payment of the tax on spirits diverted to beverage purposes imposed by § 600 (a) of the Revenue Act of 1918 as amended. The corporation denied any violation of law.

Evidence was introduced by the government tending to support the libel. The government admitted that, prior to the filing of the libel, the corporation and others had been indicted and convicted for conspiring to violate provisions of the statute, involving the transactions set forth in the libel as a basis for the forfeiture. A motion to dismiss the libel on the ground that the forfeiture proceedings were therefore barred was denied by the district court. There was a verdict for the government and judgment declaring a forfeiture of the premises to the government. This judgment was affirmed by the court below. 40 F. (2d) 422.

The only questions arising upon the record which we deem it necessary to consider are two in number: (1) whether under § 600 (a) of the Revenue Act of 1918, as amended, there was a diversion of distilled spirits to beverage purposes; (2) whether a conviction of a conspiracy to violate § 600 (a) barred the proceedings to forfeit the premises.

*First.* By § 600 (a), as amended, U. S. C., Supp. III, Title 26, § 245 (4), it is provided:

" On and after February 26, 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax of $6.40 on each proof gallon or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the person responsible for such diversion. If a tax at the rate of $2.20, $1.65, or $1.10 per proof or wine gallon has been paid upon such distilled spirits a credit of the tax so paid shall be allowed in computing the tax imposed by this paragraph."

Included in the $6.40 is the basic tax of $2.20, which is not a penalty but a true tax. Only the remaining part of the $6.40 may be regarded as a penalty; but, whether

the exaction be a tax or a penalty or partly one and partly the other, there is no constitutional objection to enforcing it by forfeiture of the offending property. See *United States* v. *One Ford Coupe*, 272 U. S. 321, 328–329.

The alleged diversion was accomplished by the withdrawal of pure alcohol, which was then specially denatured and made unfit to drink, and in that condition was sold. Petitioners contend that this was a diversion not of distilled spirits, but of denatured alcohol, and, therefore, not within the reach of § 600 (a). But upon the evidence and the instructions of the court it was open to the jury to find that the alcohol was specially denatured to the contemplated end that, after it had passed into the hands of purchasers, it would be " cleaned " and finally used for beverage purposes. In that view it is entirely accurate to say that the alcohol was diverted to beverage purposes, the special denaturing being only an intervening step.

*Second.* In *United States* v. *La Franca, ante,* p. 568, we hold that, under § 5 of the Willis-Campbell Act, a civil action to recover taxes, which in fact are penalties, is punitive in character and barred by a prior conviction of the defendant for a criminal offense involving the same transactions. This, however, is not that case, but a proceeding *in rem* to forfeit property used in committing an offense. At common law, in many cases, the right of forfeiture did not attach until the offending person had been convicted and the record of conviction produced. But that doctrine did not apply, as this court in an early case pointed out, where the right of forfeiture was " created by statute, *in rem,* cognisable on the revenue side of the exchequer. The thing is here primarily considered as the offender, or rather the offense is attached primarily to the thing; and this, whether the offense be *malum prohibitum,* or *malu.n in se.*" *The Palmyra,* 12

Wheat. 1, 14. In that case the forfeiture was of a vessel in admiralty. But in *Dobbins's Distillery* v. *United States*, 96 U. S. 395, the property seized was a distillery in the hands of a lessee. The acts or omissions of the lessee with intent to defraud the revenue were unknown to the owner. Nevertheless, it was held that the distillery was subject to forfeiture. The court after referring to *The Palmyra, supra,* and to the statute which provided for the forfeiture of the property in consequence of the unlawful acts of the distiller with intent to defraud, said (p. 401):

"Nothing can be plainer in legal decision than the proposition that the offence therein defined is attached primarily to the distillery, and the real and personal property used in connection with the same, without any regard whatsoever to the personal misconduct or responsibility of the owner, beyond what necessarily arises from the fact that he leased the property to the distiller, and suffered it to be occupied and used by the lessee as a distillery."

To the same effect, see *Goldsmith-Grant Co.* v. *United States,* 254 U. S. 505, 510–512; *United States* v. *Five Boxes of Asafoetida,* 181 Fed. 561, 564. And compare *Murphy* v. *United States,* 272 U. S. 630, 632.

A forfeiture proceeding under R. S. 3257 or 3281 is *in rem.* It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense. *Origet* v. *United States,* 125 U. S. 240, 245–247. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply. *United States* v. *Three Copper Stills,* 47 Fed. 495, 499; *United States* v. *Olsen,* 57 Fed. 579, 582 *et seq.; Sanders* v. *Iowa,* 2 Iowa (Clarke ed.) 230, 278.

It is said that included in the decree of forfeiture is an island not "bonded" or used as a means of ingress or egress to, but entirely separate from, the distilling premises. Our attention, however, is called to nothing in the record which appears to verify these statements. No instructions to the jury were asked or given on the subject, nor was it considered by the court below or referred to in the application for certiorari. In these circumstances it is unreasonable to expect us to consider the question.

We have not overlooked other contentions made by petitioner, but, in so far as they are not met by what already has been said, we find it unnecessary to consider them for lack of substance.

*Judgment affirmed.*