## FERRONI v. UNITED STATES.

### No. 4567.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1931.

Leslie P. Whelan, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill., Randolph C. Shaw, Chief Counsel, Bureau of Prohibition and J. Bertram Wegman, Atty., Bureau of Prohibition, both of Washington, D. C., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellee brought this action against appellant and others to recover $709,000 on account of "divers amounts of taxes, tax penalties, and penalties for the illegal and unlawful manufacture, sale, dispensation and disposition of liquor," between January 17, 1926, and January 16, 1929. Appellant filed a plea of former jeopardy and res adjudicata, stating that he had already been penalized for the same offense under a sentence imposed upon a plea of guilty to charges set forth in a criminal indictment. In its replication, appellee stated that the total number of proof gallons of alcohol in appellant's possession and illegally manufactured was 42,365.80, and that the tax assessed under 26 USCA § 245 (3) was $1.10 per proof gallon, making $46,-602.38 taxes due and unpaid, and waived its claim to the tax penalties stated in the declaration. The appellant demurred. The district court overruled the demurrer. Judgment was entered in appellee's favor for $46,602.-38, from which judgment this appeal is prosecuted.

The pertinent statutes are:

26 USCA § 245. "There shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, in lieu of the internal-revenue taxes now imposed thereon by law, an internal-revenue tax at the following rates, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law. * * * (3) On and after January 1, 1928, $1.10 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon."

27 USCA § 3 (section 5, Willis-Campbell Act). "All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force on October 28, 1919, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of this title; but if any act is a violation of any of such laws and also of this title, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

 Appellant contends that the present action is specifically barred by statute (27 USCA § 3, above quoted) because of his prior conviction for violation of the Prohibition Act. He relies on United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 72 L. Ed. 551, to support his contention. Appellee contends that the facts in the La Franca Case are distinguishable, because in the instant case the action is to recover unpaid taxes, whereas in the La Franca Case, the recovery sought was for penalties.

There exists no legitimate basis for uncertainty or doubt as to the holding of the La Franca Case. It distinguished between a penalty and a tax and defined both, and then held that the government could not collect the penalty (because of 27 USCA § 3) where it appeared that the alleged debtor had been convicted in a criminal action of a violation of the National Prohibition Act for the commission of the acts out of which the penalty arose.

Nothing appeared in the opinion which would preclude a recovery of the tax which is imposed upon intoxicating spirits either legally or illegally distilled. That the so-called tax here devolved on illicitly distilled spirits is not a penalty, but a "true tax on the production," is affirmatively held in U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, and Various Items v. U. S., 282 U. S. 577, 51 S. Ct. 282, 75 L. Ed. 558.

The judgment is affirmed.