UNITED STATES v. UNITED STATES GUARANTEE CO.

Nos. 5372–5374.

District Court, D. Maryland.

Sept. 26, 1940.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Frederic G. Rita, and Paul Mickey, Sp. Assts. to Atty. Gen., for plaintiff.

Charles McH. Howard (of Venable, Baetjer & Howard), of Baltimore, Md., Graham Sumner, Richard Jones, and Simpson, Thacher & Bartlett, all of New York City, for defendant.

CHESNUT, District Judge.

In the above cases the defendant has demurred to the amended declarations or complaints. The suits are against the surety alone on bonds of a manufacturer using specially denatured alcohol under Title III of the National Prohibition Act, 27 U.S.C.A. § 71 et seq. The principal on the bonds was the American Solvents and

Chemical Corporation. Each of the bonds is for the principal sum of $50,000; they are all in the same form; and all the counts in the three suits contain similar averments with variation only for dates and amounts. The bonds are of the type referred to as $2 bonds.

The original declarations or complaints in two of the three cases were held bad on demurrer in a former opinion of the court. United States v. Hartford Accident & Indemnity Co. and five other cases, D.C., 15 F.Supp. 791. That case dealt with five separate forms of bonds, of which the $2 form was only one. In the opinion, page 801, it was pointed out that the situation as to the $2 bonds varied somewhat from the other types of bonds considered; and it was suggested that an appropriate amendment of the declarations might present a different question. Amended declarations have now been filed.

The bonds recite that the principal "has made application for the issuance of a permit to use Specially Denatured Alcohol" and the conditions of the bonds are as follows: "Now, Therefore, the condition of this obligation is such that if there be no material false statement in the application for such permit, and the said principal shall not violate the terms of such permit, and shall transport, store, and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage, and use, and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost, or unaccounted for in violation of such permit and law and regulations at the rate of $2 per wine gallon, and in addition thereto shall pay all penalties and fines imposed, then this obligation to be void; otherwise to remain in full force and virtue."

In the former opinion the view was taken that the declarations did not clearly allege the breach of any condition of the bonds. One of the conditions of the bond is that "there be no material false statement in the application for such permit, and the said principal shall not violate the terms of said permit." [15 F.Supp. 797.] One of the terms of the permit reads as follows: "1. That the permittee and all persons employed by him in any connection with the permit privileges, and all other persons employed by him while on the permit premises, will in good faith observe and conform to all the terms and conditions of said permit; all laws of the United States relating to the manufacture, taxation, and control of, and traffic in, intoxicating liquors; all regulations made pursuant to law which are now, or may hereafter be, in force; and all the liquor laws of the State in which the permittee's business is located and of all the States in which the permit privileges may be exercised."

A close reading of the not too legible photostat copies of the permits related to some of the five bonds sued on now discloses that they contain also the following condition: "8. That the sale of thinners, solvents and ethyl acetate manufactured under this permit are restricted to only those corporations, firms, or individuals which use these products for their own manufacturing purposes, and only in quantities according to their own requirements, and not in any event for resale as such."

This seems to be an important provision of the permits which is not specifically referred to in the declarations, and has not previously been brought to my attention. It seems not to have been referred to in the prior case. Its validity is challenged by the defendant, but need not now be decided.

The amended declarations now allege in substance that the permits to obtain and manufacture specially denatured alcohol into products known as lacquer thinners was obtained by the principal in the bond by the fraudulent misrepresentation that there was a wide industrial use and market for lacquer thinners whereas in truth and fact no such market existed; and that the principal was acting throughout in pursuance of a fraudulent scheme to evade the laws of the United States by profitably supplying a large illicit market for beverage alcohol through the sale of lacquer thinners which were manufactured by the principal, not for legitimate industrial uses, but in accordance with a formula which could be readily treated for the recovery of the alcohol therein contained for beverage purposes; and that the principal knowingly and intentionally sold said lacquer thinners in large quantities to bootleggers for the purpose of the recovery of beverage alcohol, and that pursuant thereto large quantities of beverage alcohol were re-

covered from said lacquer thinners so sold.

These allegations of the amended complaint quite clearly state a breach of at least one of the conditions of the bond, and if proven seem to justify the recovery by the United States of the stipulated sum of $2 per wine gallon. The amendments to the declaration bring the plaintiff's case within the principle of the Various Items Case, Various Items of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558; Id., 282 U.S. 818, 51 S.Ct. 21, 75 L.Ed. 731, and the more recent decision of the Second Circuit in United States v. Bornn, 104 F.2d 641, 645. See, also, United States v. United States Industrial Alcohol Co., 4 Cir., 103 F.2d 97, 103.

The demurrers in all three cases will therefore be overruled.

These cases have now been pending an exceptionally long time. The demurrers to the amended declarations were filed December 1, 1936. Since then the cases have been frequently called for hearing by the court, but from time to time have been postponed at the request of counsel. Some postponements were on account of the illness of counsel for the plaintiff and some for illness of defendant's counsel; but a large part of the delay was requested by counsel for the purpose of awaiting the termination of similar litigation in other jurisdictions with special reference, I understand, to the above referred to case of United States v. Bornn. Further progress in the case will now be governed by the new Civil Rules. In view of the long delay which has already occurred, counsel should now expedite the trial of the cases on the merits. It is not anticipated that there will be further questions on the pleadings but if any arise which must be settled before trial on the facts, counsel should ask for an immediate hearing without awaiting the next general call of the docket. If either party desires to take depositions, these should be taken forthwith.

Counsel for the defendant still criticizes the generality and alleged obscurity of the declarations, and especially complains that the applications for the permits are not copied in or annexed to the declarations, with the result that it does not clearly appear whether the respective permits relied on are in fact covered by the bonds sued on. It is probable that all such uncertainties in the pleadings can be resolved by a pre-trial conference, if requested by counsel.