## UNITED STATES v. ONE 1940 PACKARD COUPE.

### No. 6302.

District Court, D. Massachusetts.

Feb. 7, 1941.

Edmund J. Brandon, U. S. Atty., and William J. Koen, Sp. Asst. to U. S. Atty., both of Boston, Mass., for plaintiff.

Sherburne, Powers & Needham and Daniel Needham, all of Boston, Mass., for claimant.

Ralph Marks, of Boston, Mass., for Concetta Santaniello.

McLELLAN, District Judge.

I have no reason to suppose that I shall be able better to decide this controversy by taking it under advisement instead of deciding it now at the conclusion of the trial, while the evidence and the views of counsel as to the applicable law are fresh in my memory.

This is a libel by the United States of America for the forfeiture of a Packard coupe, wherein Concetta Santaniello, the registered owner thereof, and Seaboard Commercial Corporation are claimants. Pertinent to a decision of the controversy is the construction of an Act of Congress of August 9, 1939, appearing in Title 49 U.S. C.A., in several sections numbered 781–788, inclusive. The Act in substance makes it unlawful to transport counterfeit coin in a motor vehicle and provides that a motor vehicle used for that purpose shall be seized and forfeited. The Act provides, however, that no vehicle shall be forfeited for any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner, while such vehicle "was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." The Act also says in substance that "all provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for the violation of the customs laws" and for "the remission and mitigation of such forfeiture shall apply to seizures and forfeitures incurred" thereunder, "inso-

far as applicable and not inconsistent with the provisions" thereof.

The claimant Concetta Santaniello urges that she is an innocent owner of the car, and also that I ought not to find upon the evidence it was being used for the transportation of contraband.

The claimant Seaboard Commercial Corporation asserts in its brief two grounds for its claim, in substance as follows:

1. Possession of the vehicle was obtained in violation of the criminal laws of the Commonwealth of Massachusetts, and accordingly the interest of the claimant was not forfeited by reason of the exemption appearing in 49 U.S.C.A. § 782, reading: "Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this Act [chapter] by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

2. Congress did not intend, in the Act of August 9, 1939, 49 U.S.C.A. §§ 781–788, inclusive, to provide for a forfeiture of the interest of an innocent lienor in the circumstances of the claimant.

### Findings of Fact

In view of statements, oral and in writing, of Michael Santaniello to an officer of the United States Secret Service and other evidence, I find at the outset that there was reasonable cause to institute the forfeiture proceeding (See U.S.C.A. Title 19, Sec. 1615, as to burden of proof in such a situation.)

On March 24, 1940, officers of the United States Secret Service seized in Revere, Massachusetts, the Packard coupe here involved. On that day, this motor vehicle was being used by one Santaniello, husband of the claimant Concetta Santaniello, for transporting unlawfully counterfeit coins of the United States, and it was for this reason, among others, that it was seized. Incident to the driving of the car by Santaniello, who was then possessed of the counterfeit coins, were other violations of the Act of August 9, 1939, all as alleged in the libel as reasons for forfeiture. The motor vehicle here involved was sold by Main Motor Mart, Inc., to Michael Santaniello or to Concetta Santaniello, his wife. The husband paid $10 towards the purchase price, and there was delivered to the seller another car which was registered in the wife's name. Upon conflicting evidence, I find with hesitation that the car was sold by Main Motor Mart, Inc., to, and became the property of, Concetta Santaniello. Her husband had no title thereto.

When the motor vehicle was sold to Concetta Santaniello, she entered into a "conditional sale contract" with the seller, which included a promissory note for $672, payable to Main Motor Mart, Inc. The provisions for conditional sale contained in the instrument were, of course, security for the performance of the promise contained in the note, which was negotiable in character. The "conditional sale contract" was, on December 7, 1940, the day of its date, transferred to Seaboard Commercial Corporation, a bona fide purchaser for value.

When the Packard coupe was sold on December 7, 1939, by Main Motor Mart, Inc., as heretofore stated, it was not then or at any later time material to the issues here being tried, "unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

In this connection, Seaboard Commercial Corporation urges the contrary, because the car was registered in the wife's name when in fact it belonged to her husband. I do not pause to state the process by which this view is developed because the car was registered in the name of Concetta Santaniello, who as heretofore found owned it.

It is also urged that the car was obtained by other false and fraudulent representations as to the uses to which the car was to be put, but of such there was no satisfactory evidence. Indeed, there was no substantial evidence lending support to the contention that when the motor vehicle was acquired in 1939, there was any thought in the mind of anybody that it would ever carry counterfeit coins of the United States.

Whether Concetta Santaniello knew anything about her husband's possession of counterfeit coins, for which he was convicted in this court upon a plea of guilty, at the time when the car was seized, is left wholly to conjecture, though in the court room she did not take the witness stand. And I am not satisfied, by any preponderance of the evidence either way, as to whether she knew the purpose to which her husband put her car the 24th day of March, 1940.

The Seaboard Commercial Corporation has not received full payment of the note in accordance with the terms of the "conditional sales contract". There remains due thereon the sum of $513. This claimant is entirely innocent of any wrongdoing and was possessed of no guilty knowledge.

### Conclusions of Law

1. The claim of Concetta Santaniello, whether she possessed guilty knowledge or not, cannot be sustained.

2. The claim of the Seaboard Commercial Corporation is not sustained.

(a) Upon the facts heretofore found, the claimant is entitled to no relief under that portion of the statute reading: "Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this Act [chapter] by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

(b) As to the contention that by reason of its innocence the claimant is entitled to relief, no extended discussion is necessary. This is a proceeding in rem, against the car, in which the law ascribes to it a power of complicity and guilt in the offense. And in the light of the authorities, it is now too late to attempt a construction of the statutes here involved as exempting from forfeiture the interest of a person in a chattel for the reason that he was guiltless. It is no longer necessary to quote in support of this well established doctrine the common law as to deodands or the Mosaic law as to the punishment inflicted upon an ox which gores a man. See Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 511, 41 S.Ct. 189, 65 L.Ed. 376. The actual decision in United States v. One Reo Speed Wagon, D.C., 5 F.2d 372, is beside the point. In that case, the claimant prevailed where his son, without authority, delivered the motor vehicle to a person who used it in violation of law, but Judge Brewster, referring to the Customs Statutes, said, "It has long been settled law that the property of an entirely innocent owner may be forfeited." See also United States v. One Ford Coupe, 272 U.S. 321, 332, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Various Items v. United States, 282 U.S. 577, 581, 51 S.Ct. 282, 75 L.Ed. 558; United States v. One Black Horse, D.C., 129 F. 167. Such person's remedy appears to be an administrative appeal by application to the Secretary of the Treasury, or in some cases, the Secretary of Commerce, as provided for in Title 19 U.S.C.A. § 1618.

3. Judgment for the forfeiture of the Packard Coupe, 1940 model, Engine No. C27914C, serial No. 1385—4950, in accordance with the libel of the United States, is to be entered.