**UNITED STATES v. STEIN et al.**

No. 7565.

Circuit Court of Appeals, Third Circuit.

May 2, 1941.

Rehearing Denied May 19, 1941.

Patrick J. Friel, of Philadelphia, Pa., for appellant.

B. H. Pester, of Washington, D. C., for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

Harry Stein procured a permit to obtain tax-free alcohol for non-beverage purposes subject to the regulations prescribed by the Commissioner of Internal Revenue upon giving the bond prescribed by the appropriate sections of the National Prohibition Act.[1] Section 4(d) of Title II thereof provides that toilet preparations which are unfit for beverage purposes shall not be subject to the provisions of the National Prohibition Act. Section 4 provides also that any person who manufactures toilet preparations shall secure a permit to manufacture, shall give bond, shall keep records and shall make reports, all as specified in the act and as directed by the Commissioner. Stein submitted samples of his toilet preparations to the Treasury Department and these samples were analyzed and approved by it. He also gave bond to the United States in the sum of $6,000 with National Union Indemnity Company as surety. The bond was conditioned as follows: "Now, therefore, the condition of this obligation is such that if there be no material false statement in the application for such permit, and the said principal shall not violate the terms of such permit, and shall transport, store, and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage, and use, and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost, or unaccounted for in violation of such permit and law and regulations at the rate of $2 per wine gallon, and in addition thereto shall pay all penalties and fines imposed, then this

---

[1] Sections 1 (6), 4, and 6 of Title II of the National Prohibition Act, Chapter 85, 41 Stat. 308, 309, 310, 27 U.S.C.A. §§ 4(6), 13, 16. Sections 11 and 13 of Title III of the National Prohibition Act, Chapter 85, 41 Stat. 321, 27 U.S.C.A. §§ 81, 83. Articles 112, 114 of Regulations 3. See also Act of June 7, 1906, Chapter 3047, 34 Stat. 217, 26 U.S.C.A. Int.Rev.Code, §§ 3070(a), 3072, 3073.

obligation to be void; otherwise to remain in full force and virtue."

Stein's permit was revoked by the Federal Prohibition Administrator and the revocation was sustained by the courts. See Stein v. Doran, 3 Cir., 46 F.2d 738. The United States then brought the suit at bar upon the bond against Stein and the surety company. Judgment by default was taken against Stein and the case preceeded to trial against the surety. A judgment was entered against the surety in the sum of $7,980. The appeal at bar followed.

It appears that in June and July, 1928, Stein manufactured certain products designated by him as "Apple Blossom Toilet Water" and "Lilac Toilet Water", using in this manufacture 4,472 wine gallons of specially denatured alcohol withdrawn tax-free by him allegedly in accordance with the privilege accorded him by his permit. As we have stated, Stein had furnished a formula under which he proposed to manufacture his toilet preparations, to the United States at the time of his application for his permit. This formula was not put in evidence, but there is no doubt from the record that in manufacturing the toilet preparations complained of Stein used flavor oil instead of perfume oil. The use of flavor oil would permit easy "cleaning" of the liquids to make them potable. Evidence also was introduced to show that Stein sold his product under exceedingly suspicious circumstances. Both purchasers refused to disclose what they had done with the product. Both had reputations as cover-up men. Stein made no inquiries as to what the purchasers did with his toilet waters and had no other market for his preparations.

The court below found that Stein had failed to follow the formula in manufacturing the toilet waters, that for this reason the product could be cleaned easily and that Stein pursued this course with the purpose and intent to make it possible and easy to turn his product into potable alcohol, and that his manufacture and sale was to the end that the alcohol might be diverted. These findings by the learned District Judge are amply supported by the record and the authorities make it clear that such activities constitute an unlawful diversion. It follows that Stein breached the condition of his bond and the surety, the appellant, therefore is liable. United States v. Bornn, 2 Cir., 104 F.2d 641; United States v. Van Schaack Bros. Chemical Works, D.C., 33 F. Supp. 822. See In re Various Items of Personal Property, 282 U.S. 577, 580, 51 S.Ct. 282, 75 L.Ed. 558.

The appellant persists in considering the case at bar as one brought to collect a tax. It is not a tax suit, but a suit upon a bond. No question arises in respect to any statute of limitations.

The judgment of the court below is affirmed.