UNITED STATES v. OLDSMOBILE COUPE AUTOMOBILE, MOTOR NO. GA 458414, ITS TOOLS AND APPURTENANCES.

No. 434.

District Court, S. D. California, N. D.

July 30, 1946.

James M. Carter, U. S. Atty. and Cameron L. Lillie, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Calvin H. Conron, Jr., and W. E. James, both of Bakersfield, Cal., for respondent.

YANKWICH, District Judge (after stating the above facts).

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment is ordered rendered in favor of the libelant as prayed for in the amended libel of information condemning and forfeiting to the United States the Oldsmobile coupe automobile Motor Number GA 458414, its tools and appurtenances, and the claim of Wong Sik Kwong for the custody and possession of said automobile is disallowed, with costs to the libelant.

A consideration of the facts in the case leads me to the conclusion that the libelant should have a decree forfeiting the automobile. The possession of yen shee was admitted by the defendant. In fact, he was convicted and served a sentence in the state courts for such possession. The automobile was his, and was an ordinary passenger automobile. The yen shee was on his person. He admitted having carried it for many months.

Regardless of whether he actually went through the motion of backing the automobile from the parking lot, preparatory to driving it away, if—as the officers testified—he entered the automobile, or, as may be fairly presumed, drove it from his residence to his work, there was a violation of Section 781 of Title 49 U.S.C.A., in that the automobile was used to transport or to aid in the transportation of the contraband drug. See the opinion of Judge Bourquin, while sitting in a California District, in United States v. One Dodge Sedan, D.C. Cal., 1928, 28 F.2d 44; and see, United States v. One Packard Coupe, D.C.Mass., 1941, 36 F.Supp. 788; United States v. One 1937 Hudson, etc., automobile, D.C.West. Dist.Ky., 1937, 21 F.Supp. 600; United States v. One Dodge Coupe, D.C.So.Dist.

N.Y., 1942, 43 F.Supp. 60; One 1941 Ford, etc., v. United States, 6 Cir., 1944, 140 F.2d 255; Busic v. United States, 4 Cir., 1945, 149 F.2d 794. On the constitutionality of forfeiture, even as affecting the property of the innocent, see, United States v. One Ford Coupe Automobile, 1926, 272 U.S. 321, 325, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Various Items of Personal Property v. United States, 1931, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558.

Hence the Judgment and Decree as above stated.

Counsel for the plaintiff will prepare findings and decree in accordance with Local Rule 7.