# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KA-01197-SCT

*STANLEY SCOTT*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

/

| | |
|---|---|
| DATE OF JUDGMENT: | 09/20/94 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM WAIDE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/29/97 |
| MOTION FOR REHEARING FILED: | 6/11/97 |
| MANDATE ISSUED: | 8/29/97 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

At the April 1994 term of Clay County Circuit Court, Stanley Scott was indicted for conspiring to distribute marijuana. Scott moved to dismiss the indictment on the grounds that he had already been punished through forfeiture of his 1990 truck, which was used in the conspiracy. Circuit Court Judge Lee Howard denied the Motion to Dismiss on grounds of double jeopardy. Scott appeals this ruling, and this Court has sufficient jurisdiction to decide the issue before it. The Court has held that the denial of a double jeopardy claim is a final order and appealable even before conviction. ***Beckwith v. State***, 615 So. 2d 1134 (1993), *cert. denied*, 126 L.Ed.2d 187 (1993).

<u>ANALYSIS</u>

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution "protects against multiple punishments for the same offense." ***Ohio v. Johnson***, 467 U.S. 493, 81 L.Ed.2d 425, 104 S.Ct. 2536 (1984). Scott argues that criminal prosecution of him after he has been punished through forfeiture of his personal property violates the Double Jeopardy Clause of the Fifth Amendment.

The United States Supreme Court has long held that the Double Jeopardy Clause does not apply to civil forfeitures because they do not impose punishment. ***Various Items of Personal Property v. United States***, 282 U.S. 577 (1931); ***One Lot Emerald Cut Stones v. United States***, 409 U.S. 232 (1972); ***United States v. One Assortment of 89 Firearms***, 465 U.S. 354 (1984). Scott, however, argues that the Supreme Court shifted from this view to a new test of whether a nominally civil sanction constitutes punishment for the purposes of double jeopardy in the cases of ***Austin v. United States***, 125 L.Ed.2d 488 (1993); ***United States v. Halper***, 104 L.Ed.2d 487 (1989); ***Dept. of Revenue of Montana v. Kurth Ranch***, 128 L.Ed.2d 767 (1993).

Scott's argument is without merit. These cases are not instructive on this issue in view of the Supreme Court's holding in ***United States v. Ursery***, 116 S.Ct. 2135 (1996). <u>***Ursery*** was a consolidation of two cases involving civil in rem forfeitures by the government</u>. In Ursery's case, the government instituted civil forfeiture proceedings under 21 U.S.C. § 881(a)(7) against Ursery's house, contending that it had been used to facilitate illegal drug transactions. Prior to the settlement of that claim, Ursery was indicted and later convicted of manufacturing marijuana in violation of § 841(a)(1). The two cases were consolidated for appeal purposes. In the first ***Ursery*** case, the government filed a civil in rem complaint against various property titled to the defendants alleging that each item was subject to forfeiture under federal statutes prohibiting money laundering.

> After their convictions, the District Court granted the Government's motion for summary judgment in the forfeiture proceeding. The Courts of Appeals reversed Ursery's conviction and the forfeiture judgment . . . holding that the Double Jeopardy Clause prohibits the Government from both punishing a defendant for a criminal offense and forfeiting his property for the same offense.

***Ursery***, at 2135.

The courts based their decisions on ***Halper*** and ***Austin*** (the cases Scott cites) concluding that civil forfeitures always constituted "punishment" for purposes of double jeopardy. ***Ursery***, 116 S.Ct. at 2138-39. The Supreme Court held that in rem civil forfeitures are neither "punishment" nor criminal for double jeopardy purposes. *Id.*

The United States Supreme Court reiterated its position in ***Various Items*** and ***Emerald Cut Stones***, specifically that a forfeiture was not barred by a prior criminal proceeding after applying a two-part test asking: (1) whether the particular forfeiture was intended to be a remedial civil sanction or a criminal penalty; and (2) whether the forfeiture proceedings are so punitive in nature as to establish

that may not actually be viewed as civil in fact. *Ursery*, 116 S.Ct. at 2141-42 (*citing 89 Firearms*, 465 U.S. at 362). Applying this test, the Supreme Court reasoned that while the federal statutes under which Ursery's and the other defendants' property was forfeited had some punitive aspects, the statutes served more important nonpunitive goals. Title 21 U.S.C. § 881(a)(7), under which Ursery's property was forfeited, allows the government to institute proceedings for the forfeiture of "all real property . . . which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a federal drug felony. The Supreme Court deduced that "[r]equiring the forfeiture of property used to commit federal narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes." *Id.* at 2148. The statute under which Ursery's property was forfeited is similar to Mississippi's forfeiture statute, which also requires forfeiture of property used to facilitate transactions prohibited by the Mississippi Controlled Substances Laws. *See* Miss. Code Ann. § 41-29-153(a)(7) (1972). Based on *Ursery*, this Court holds that a subsequent criminal proceeding against the owner of forfeited property used to facilitate drug transactions for drug violations related to the forfeited property does not violate the Double Jeopardy Clause.

The U.S. Supreme Court distinguished at length the cases relied on by Scott -- *Halper, Kurth Ranch*, and *Austin*. In sum, the Court held that nothing in these cases replaced the traditional understanding that civil forfeiture is not equivalent to punishment for the purposes of the Double Jeopardy Clause. *Ursery*, 116 S.Ct. at 2142-47. And this Court so restates that civil forfeiture does not preclude criminal punishment and not cause a double jeopardy violation.

<u>CONCLUSION</u>

The forfeiture of Scott's property took place before the criminal proceedings in this case. However, based upon the sound reasoning of *Ursery*, the trial of Scott for conspiracy to distribute marijuana does not violate the Double Jeopardy Clause. Therefore, the lower court is affirmed.

**LOWER COURT'S DENIAL OF MOTION TO DISMISS ON GROUNDS OF DOUBLE JEOPARDY AFFIRMED.**

**LEE, C.J., PRATHER P.J., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**


**McRAE, JUSTICE, DISSENTING:**

For purposes of the Double Jeopardy Clause of the Fifth Amendment, forfeiture of valuable personal property is punishment for a crime. In the case sub judice, the prosecution of Stanley Scott for conspiracy to distribute marijuana constitutes double jeopardy, because Scott's truck had already been forfeited in another proceeding. I therefore dissent.

The thrust of *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767 (1994), was to give us guidance as to what "punishment" means in the context of the Double Jeopardy Clause. The legislature's description of a statute as civil does not preclude a determination that the statute is punitive in nature. *Id.* at 777. A civil forfeiture is a sanction that is subject to constitutional

constraints. *Id.* at 778.

Despite the assertion by the State that this civil forfeiture is remedial in nature, in this case the forfeiture had a definite punitive character and was therefore characteristic of punishment. Officer Grimes stated at the hearing on the motion to dismiss that in addition to being remedial, forfeitures serve a deterrent function as well. A civil sanction that cannot be said solely to serve a remedial purpose, but only can be explained as also serving either retributive or deterrent purposes, constitutes punishment. *United States v. Halper*, 490 U.S. 435, 448 (1989). Furthermore, retribution and deterrence are not legitimate non-punitive governmental objectives. *Id.*

Moreover, the double jeopardy problem is exacerbated because the majority allows the State to go forward with a civil forfeiture proceeding prior to instituting any criminal proceedings against a defendant. The State will be allowed then, *a fortiori*, to use evidence taken from the defendant in the civil proceeding, either from testimony or through the discovery process, against the same defendant in the criminal proceeding. If the defendant testifies in the civil proceeding, the information will be used against him in a subsequent criminal proceeding; but, if he does not testify in the civil proceeding, the civil forfeiture is guaranteed. The defendant entangled by this scheme finds himself in a no-win situation.

Labeling this forfeiture as civil or describing it as remedial does not hide the fact that the defendant here was twice jeopardized, in full contravention of his constitutional protections. A reasonable analysis of the State's actions in seizing Scott's truck must lead to the conclusion that the State intended the forfeiture as punishment for a crime. Pursuant to the Double Jeopardy Clause, then, Scott's prosecution is unconstitutional. In this case, the State first chose punishment by forfeiture, and the State must abide by that decision. I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**