The Honorable David Haley State Senator, 4th District State Capitol, Room 140-N Topeka, Kansas 66612
Dear Senator Haley:
You request our opinion on "whether the authority of the legislature by statute authorizes any administrative agency to take multiple actions against someone for offenses arising out of a single occurrence." You have advised this office that the actions in question involved a specific set of facts and the Governmental Ethics Commission's handling of them. We will therefore limit our review to this agency and its authority, rather than undertaking a review of each of the state's many administrative agencies.[1]
K.S.A. 25-4119a creates and empowers the Kansas Governmental Ethics Commission. Civil penalties that may be charged by the Commission include those authorized by K.S.A. 25-4152:
 "(a) The commission shall send a notice by registered or certified mail to any person failing to file any report or statement required by K.S.A. 25-4144, 25-4145
or 25-4148, and amendments thereto, and to the candidate appointing any treasurer failing to file any such report, within the time period prescribed therefor. The notice shall state that the required report or statement has not been filed with either the office of secretary of state or county election officer or both. The person failing to file any report or statement, and the candidate appointing any such person, shall be responsible for the filing of such report or statement. The notice also shall state that such person shall have 15 days from the date such notice is deposited in the mail to comply with the registration and reporting requirements before a civil penalty shall be imposed for each day that the required documents remain unfiled. If such person fails to comply within the prescribed period, such person shall pay to the state a civil penalty of $10 per day for each day that such report or statement remains unfiled, except that no such civil penalty shall exceed $300. The commission may waive, for good cause, payment of any civil penalty imposed by this section. . . ."[2]
In addition to the above authority, K.S.A. 25-4181 provides:
 "(a) The commission, in addition to any other penalty prescribed under the campaign finance act, may assess a civil fine, after proper notice and an opportunity to be heard, against any person for a violation of the campaign finance act in an amount not to exceed $5,000 for the first violation, $10,000 for the second violation and $15,000 for the third violation and for each subsequent violation. . . ."
Constitutionality of a statute is presumed and all doubts must be resolved in favor of its validity; before a statutory enactment may be stricken down, and it must clearly appear that the statute violates the constitution.[3] The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the Legislature governs when that intent can be ascertained.[4] The Legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.[5] When a statute is plain and unambiguous, the Court must give effect to the Legislature's intent as expressed in the language of the statute, rather than determine what the law should or should not be.[6] Ordinary words in a statute are to be given their ordinary meaning and the statute is not to be read so as to add or subtract from that which is stated therein.[7] To ascertain legislative intent, courts are not permitted to consider only certain isolated parts of an act, but are required to consider and construe together all parts thereof in pari materia; when the interpretation of one section of an act according to exact and literal imports of its words would contravene the manifest purpose of the Legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the literal import of words or phrases that conflict with the manifest purpose of Legislature.[8] The interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is generally entitled to judicial deference and if there is a rational basis for the agency's interpretation it should be upheld on judicial review.[9] Thus, we must presume the constitutionality of K.S.A. 25-4142 and K.S.A. 25-4181, read the two statutes as written and in harmony, and give deference to the interpretation given the statutes by the administrative agency responsible for enforcing these two provisions.
One principle of common law that may arise in certain situations involving penalizing behaviors is the concept of "double jeopardy." This phrase basically refers to the putting of a person on trial for an offense for which he or she has previously already been put on trial, i.e. two adjudications for one offense. The double jeopardy clause of the United State's Constitution protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense.[10]
However, double jeopardy applies only to criminal proceedings[11] and attaches only when both proceedings are essentially criminal.[12] The double jeopardy clause was found to not be violated when a monetary civil fine for document forgery was imposed on of individual by the order of the Executive Office of Immigration Review (EOIR) after he had already been criminally convicted of conspiracy to possess forged, counterfeit, and false documents.[13] The Kansas Supreme Court concluded that application of Kansas' civil drug tax statute to a defendant convicted of possession of marijuana with intent to sell within 100 feet of a school did not violate double jeopardy proscriptions even though the same actions resulted in a criminal conviction for possession of the drugs themselves.[14] A prior trial of a criminal nature does not prohibit subsequent civil action based upon the same set of facts.[15]
K.S.A. 25-4152 applies to specific prohibited behaviors. K.S.A. 25-4181
provides additional penalty authority. These are both civil penalties, not criminal.[16] While all civil penalties are subject to challenge as possibly criminal punishment in nature, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty for purposes of double jeopardy analysis.[17] We are aware of no case law that has declared the penalties imposed by the Governmental Ethics Commission to be criminal in nature. Rather, given the nature of the laws they enforce, and the preference for upholding legislative schemes as civil when they are intended as such, we believe that these statutes impose no criminal penalty. Thus, double jeopardy principles do not apply to the penalties imposed under K.S.A. 25-4152 and 25-4181.
However, assuming that a double jeopardy challenge could be successfully raised in connection with the imposition of these civil penalties, we also examine another rule connected with general double jeopardy principles; that the behavior being sanctioned twice in fact is the same or identical. Whether the behavior being penalized is the same or distinct will always be a factual issue. However, the same general conduct can sometimes give rise to a "continuing" violation of a law, for which increased penalties may be assessed while the violation continues.[18] For example, a fine for failure to file a required report can be distinguished from a subsequent fine for continued refusal to file the same report, especially after the first violation was noted and an initial fine is assessed. In addition, a board may assess an additional civil fine for failure to follow a prior order.[19] A rebuttable presumption of validity attaches to all actions of an administrative agency, and the burden of proving arbitrary and capricious conduct lies with the party challenging the agency's actions.[20] If an administrative agency's action is constitutionally authorized by statute, it is presumed valid on review unless it is not supported by substantial evidence and is so wide of its mark as to be arbitrary or capricious.[21]
In summary, it is our opinion that administrative agencies, such as the Governmental Ethics Commission, may be legally authorized to impose civil fines by two separate statutory provisions which may penalize the same behaviors. Unless otherwise provided or in direct conflict, the two penalty provisions should be read together, and may be used cumulatively or in the alternative. A single occurrence or set of facts may give rise to more than one civil fine being imposed if the circumstances warrant.
Very truly yours,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] There are individual statutory schemes that apply to and authorize the actions of each administrative agency.
[2] Emphasis added.
[3] State v. Stevens, 26 Kan. App. 2d 606, 609-610 (1999).
[4] City of Wichita v. 200 South Broadway, 253 Kan. 434, 436 (1993);American Home Life Insurance Co. v. Board of County Commissioners,22 Kan. App. 2d 18, 22 (1995).
[5] Doty v. Frontier Communications, Inc., __ Kan. __, 36 P.3d 250
(2001).
[6] In Re Searcy, ___ Kan. ___, 49 P.3d 1 (2002).
[7] Lakeview Gardens, Inc. v. State, ex rel. Schneider, 221 Kan. 211,214 (1976); R.D. Anderson Construction Company, Inc. v. Kansas Departmentof Human Resources, 7 Kan. App. 2d 453, 458 (1982).
[8] State v. Gonzales, 255 Kan. 243 (1994); In Re W.H., ____ Kan. ____, 57 P.3d 1 (2002).
[9] Southwester Bell Telephone Co. v. KCC, ___ Kan. App. 2d ___,29 P.3d 424 (2001).
[10] U.S.C.A. Amend. 5. Monge v. California,524 U.S. 721,118 S.Ct. 2246,141 L.Ed.2d 615 (1998).
[11] Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630,82 L.Ed. 917 (1938). 1 Torcia, Wharton's Criminal Law § 56 (15th ed.) (jeopardy, in its strict common-law and constitutional sense, is a technical term applicable only to criminal prosecutions).
[12] State v. McDowell, 699 A.2d 987 (Conn. 1997).
[13] Noriega-Perez v. U.S., 179 F.3d 1166 (9th Cir. 1999) (even if such fine constituted a criminal penalty, document fraud and conspiracy to commit document fraud were separate offenses that could have been tried separately).
[14] Jensen v. Bouker, 96 F. Supp.2d 1167 (D. Kan. 2000).
[15] One Lot Emerald Cut Stones and One Ring v. U.S., 409 U.S. 232,93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (the prior acquittal of a defendant under smuggling charges does not bar a subsequent forfeiture action against the gems involved since the forfeiture is intended to aid in the enforcement of tariff regulations and has a remedial rather than a punitive purpose); Waterloo Distilling Corporation v. U.S., 282 U.S. 577,51 S.Ct. 282, 75 L.Ed. 558 (1931) (a conviction of defendants on a charge of conspiracy to violate federal revenue laws concerning taxation of distilled spirits does not bar a proceeding in rem instituted for forfeiture of the distillery property of the defendants because the forfeiture is no part of the punishment for the criminal offense).
[16] To analyze whether statutory scheme is so punitive in purpose or effect as to transform what was intended as civil remedy into criminal penalty for double jeopardy purposes, it is helpful to refer to seven guidelines: (1) Whether sanction involves affirmative disability or restraint [fncan a person be put in jail for it?]; (2) whether it has historically been regarded as criminal punishment; (3) whether it comes into play only on finding of scienter; (4) whether its operation will promote traditional aims of punishment-retribution and deterrence; (5) whether behavior to which it applies is already a crime; (6) whether alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to alternative purpose assigned. See Hudson v. U.S., 118 S.Ct. 488, 139 L.Ed.2d 450
(1997); State v. Uskert, 709 N.E.2d 1200 (Ohio 1999).
[17] State v. Uskert, 709 N.E.2d 1200 (Ohio 1999).
[18] Celestine v. Petroleos de Venezuella SA, 266 F.3d 343 (5th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 48 (5th Cir. 2001) (the doctrine of continuing violation in the context of discrimination laws is designed to accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all discriminatory acts committed as part of this pattern or policy can be considered timely); Fitzgerald v. Henderson, 251 F.3d 345 (2d Cir. 2001) (the continuing violation doctrine may be applied when there is a showing of specific and related instances of discrimination against a single employee).
[19] Hart v. Kansas Board of Healing Arts, 27 Kan. App. 2d 213
(2000).
[20] Connelly v. State Highway Patrol, 271 Kan. 944 (2001).
[21] Farmers Co-Op v. Kansas Employment Sec., 25 Kan. App. 2d 567
(1998).