**Victor ESCOBAR, Claimant–Appellant,**

v.

**$185,000.00 UNITED STATES CURRENCY IN THE SUM OF ONE HUNDRED EIGHTY–FIVE THOUSAND DOLLARS MORE OR LESS, $24,650, Twenty–Four Thousand Six Hundred Fifty Dollars More or Less, Defendants,**

**United States of America, Plaintiff–Appellee.**

**No. 06–5521–cv.**

United States Court of Appeals, Second Circuit.

May 29, 2008.

John Nicholas Iannuzzi, Iannuzzi & Iannuzzi, New York, NY., for Claimant–Appellant.

Kelly C. Horan Florio, Assistant United States Attorney (Benton J. Campbell, Interim United States Attorney, Kathleen A. Nandan, Varuni Nelson, Assistant United States Attorneys on the brief), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY., for Plaintiff–Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Claimant-appellant Victor Escobar ("claimant" or "Escobar") appeals from an order entered by the District Court on December 12, 2006, granting the motion of plaintiff-appellant the United States ("plaintiff" or "Government") for forfeiture of $185,000 and $ 24,650 in United States currency taken from·a vehicle Escobar was driving. Claimant alleges that the funds were illegally taken from him and that the Government has no right to the funds.

We review a district court's legal conclusions regarding forfeiture *de novo* and factual conclusions for plain error. *United States v. Gaskin,* 364 F.3d 438, 462 (2d Cir.2004). Pursuant to 21 U.S.C. § 881(a)(6),

> [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation

of federal narcotics law are "subject to forfeiture to the United States." The cause of action is *in rem* and therefore "against" the money, not Escobar. "It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient." *Waterloo Distilling Corp. v. United States,* 282 U.S. 577, 581, 51 S.Ct. 282, 75 L.Ed. 558 (1931) (distinguishing an *in rem* civil forfeiture proceeding from an *in personam* criminal proceeding against a defendant person).

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government need only prove, by a preponderance of the evidence, that the money is linked to a criminal offense. 18 U.S.C. § 981(b)(2). For the purpose of satisfying its burden of proof, "the [G]overnment may rely upon any evidence it has lawfully obtained up to the time of the forfeiture trial." *United States v. $557,933.89,* 287 F.3d 66, 89 (2d Cir.2002). We have held that even where the initial seizure of the property was illegal, the property is not immunized from forfeiture. *United States v. $37,780,* 920 F.2d 159, 163 (2d Cir.1990). In the case of an illegal seizure, while the exclusionary rule may "result in the suppression of evidence in later proceedings, ... the defendant property itself cannot be suppressed from the forfeiture action." *United States v. Daccarett,* 6 F.3d 37, 46 (2d Cir.1993).

In this case, the Government presented evidence that Escobar had no documented means of making money in the amounts he was carrying; he admitted to police officers that the money was not his and that he was being paid $2000 to deliver it; he had been stopped two other times carrying similarly large amounts of money which canine sniffs indicated carried the odor of narcotics; and significantly, he had confessed to law enforcement officials in Florida that he had been hired as a money courier in New York for a drug cartel in Colombia. *See, e.g., United States v. $22,474.00,* 246 F.3d 1212, 1217 (9th Cir. 2001) ("The sophisticated dog sniff, and more important, [claimant's] admission that he had a prior conviction for cocaine trafficking provide the necessary link."). Moreover, Escobar has provided no countervailing evidence to indicate that he has a legal interest in the money.

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, and substantially for the reasons stated by Judge Vitaliano in his September 29, 2006 Memorandum and Order, *United States v. $185,000,* 455 F.Supp.2d 145 (E.D.N.Y.2006), we **AFFIRM** the judgment of the District Court.