# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2011

Lyle W. Cayce
Clerk

—————————————

No. 11-40104
Summary Calendar

—————————————

ALVARO SANTANA-LIM,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

—————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-MC-5

—————————————————————————

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alvaro Santana-Lim brought this suit to recover $58,874.45 he paid to an undercover agent of U.S. Immigration and Customs Enforcement (ICE). The ICE agent was posing as the owner of a Laredo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40104

Texas, company dealing in illegally diverted imports.  Santana-Lim appeals the district court's summary judgment against him.

Santana-Lim's admissions, together with the ICE agent's uncontroverted affidavit, establish that in September, 2004, Santana-Lim paid the $58,874.45 to purchase two containers of apparel, imported from China under a customs entry requiring prompt re-export.  The agent's affidavit testimony shows that Santana-Lim was aware that the apparel had been illegally diverted into U.S. commerce, and that Santana-Lim intended to export the apparel to Mexico with its labels, seals, and documentation falsified to conceal its country of origin.  U.S. customs laws prohibit exporting the containers in that manner, as well as purchasing them with that purpose.  19 U.S.C. § 1592a(a)(2)(A)-(D).  Title 19, United States Code, § 1595a(d) provides:

> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

The summary judgment evidence therefore established that when he attempted to buy the containers, Santana-Lim effected a transfer of his rights in the purchase money to the United States.  The district court was correct that the principle of automatic forfeiture stated in *United States v. Stowell*, 133 U.S. 1, 16, 10 S.Ct. 244, 247 (1890), applies to 19 U.S.C. § 1595a(d).  *See United States v. Currency Totalling $48,318.08*, 609 F.2d 210, 213 (5th Cir.

1980).  It is therefore of no moment that the government did not bring judicial or administrative forfeiture proceedings within the statute of limitations.  As the district court observed, "[a] judicial decree or administrative forfeiture would operate only to confirm the forfeiture that had already occurred and quiet title in the government as to any interested, innocent third parties."  It is also of no moment that the government did not prosecute Santana-Lim for his attempt to purchase the containers.  The attempt may well have been a crime.  *See* 18 U.S.C. § 545.  But forfeiture is not a criminal penalty.  *Various Items of Personal Property v. United States*, 282 U.S. 577, 581, 51 S.Ct. 282, 284 (1931).  And nothing in 19 U.S.C. § 1595a(d) limits its effect to property involved in violations of the customs laws for which Congress has provided criminal penalties, much less to those that give rise to a prosecution.

AFFIRMED.