UNITED STATES of America,
Libelant-Appellee,

v

UNITED STATES COIN AND CUR-
RENCY In the AMOUNT OF
$8,674.00, Respondent,

Donald Angelini, Claimant-Appellant.

No. 15502.

United States Court of Appeals
Seventh Circuit.

April 9, 1968.

Edward V. Hanrahan, U. S. Atty.,
Chicago, Ill., for libelant-appellee, John
Peter Lulinski, Edward J. Murray, Asst.
U. S. Attys., of counsel.

Anna R. Lavin, Richard E. Gorman,
Chicago, Ill., for claimant-appellant.

Before KILEY, FAIRCHILD and
CUMMINGS, Circuit Judges.

PER CURIAM.

When our opinion was released herein,
the Supreme Court had not yet decided
Marchetti v. United States, 390 U.S. 39,
88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso
v. United States, 390 U.S. 62, 88 S.Ct.
709, 19 L.Ed.2d 906, so that we decided
claimant's constitutional argument on
the authority of United States v. Kahri-
ger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed.
754, and Lewis v. United States, 348
U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475.
See 379 F.2d 946.

After the Supreme Court's opinions
were announced in the *Marchetti* and
*Grosso* cases, certiorari was granted and
our judgment was vacated.   390 U.S.
204, 88 S.Ct. 899, 19 L.Ed.2d 1035.
Grosso does not involve Sections 4411
and 4412 of the Internal Revenue Code,
the provisions involved here.   In *Mar-
chetti*, the Court concluded with this
admonition (390 U.S. at p. 61, 88 S.Ct.
at p. 709):

> "We emphasize that we do not hold
> that these wagering tax provisions [26
> U.S.C. §§ 4411 and 4412] are as such
> constitutionally impermissible;   we
> hold only that those who properly as-
> sert the constitutional privilege as to
> these provisions may not be *criminal-
> ly* punished for failure to comply with
> their requirements." (Emphasis sup-
> plied.)

Because this is not a criminal case in
which an individual's liberty is at stake,
there is a question as to whether *Mar-
chetti* is applicable.

The respondent monies were declared
forfeit pursuant to 26 U.S.C. § 7302,

which provides that "no property rights shall exist in * * * property" used "in violating the provisions of the internal revenue laws." The only provisions of the internal revenue laws which can support forfeiture here are 26 U.S.C. §§ 4411 and 4412.*

*Marchetti* holds that compliance with §§ 4411 and 4412 subjects the taxpayer to

" 'real and appreciable,' and not merely 'imaginary and unsubstantial,' hazards of self-incrimination" (390 U.S. at p. 48, 88 S.Ct. at p. 702).

Claimant Angelini would have subjected himself to exactly the same hazards by complying. In this respect, *Marchetti* and this case are the same. But the consequences of non-compliance are not the same in the two cases. The prospect of a felony conviction involved in *Marchetti* of course has a greater coercive effect than the possible loss of money involved herein. On the other hand, the prospect of losing in excess of $8,000 has a substantial coercive effect. In this respect, the landmark case of Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, is controlling. *Boyd* was a civil forfeiture action in which the claimant was given a choice between producing a possibly incriminating document and forfeiting the property. The Court held that such a choice was impermissible under the Fourth and Fifth Amendments. See Garrity v. State of New Jersey, 385 U.S. 493, 496–497, 87 S.Ct. 616, 17 L.Ed.2d 562, which reaffirms and follows *Boyd*.

The only apparent purpose of 26 U.S. C. § 7302, as applied here, is to punish violators of Sections 4411 and 4412 of the Internal Revenue Code by taking away money used in committing the violations. See One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 700, 85 S.Ct. 1246, 14 L.Ed.2d 170. As a practical matter, *Marchetti* means that

such violations are no longer punishable directly. It follows that they should not be punished indirectly through forfeiture.

Accordingly, the judgment of the District Court is reversed and the cause is remanded for the entry of an appropriate judgment for claimant-appellant.

---

* The applicability of 26 U.S.C. § 4901, which was cited by the District Court, is dependent solely on the §§ 4411 and 4412 violations. Therefore, it need not be considered separately.