**UNITED STATES of America**

v.

**ONE 1962 CADILLAC, Four Door Sedan Automobile, Motor No. 62B 025470**

**Frank J. Daniello, Claimant, Appellant.**

**No. 16883.**

United States Court of Appeals Third Circuit.

Argued June 6, 1968.

Decided July 9, 1968.

Frederic C. Ritger, Jr., Van Riper & Belmont, Newark, N. J., for appellant.

Elliot Scher, Asst. U. S. Atty., Newark, N. J., (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

We are here concerned with the seizure of an automobile by the United States viz., the Internal Revenue Service under 26 U.S.C. § 7302 which is titled "Property used in violation of internal revenue laws." On behalf of Frank Daniello, the owner of the car and the appellant, it is argued that the evidence which was obtained from the automobile was taken unlawfully and should be sup-

pressed. It is also urged that the trial evidence was insufficient to establish that the automobile was being used or was intended to be used in violation of the revenue laws of the United States.

The situation before us was the result in part of a number of raids by the Internal Revenue Service on October 19, 1964, in Hoboken, New Jersey. The affidavit upon which the search and seizure warrants were issued covers twenty-two printed pages of appellant's appendix. It was made by Irving B. Dubow, Special Agent, Internal Revenue Service, who has had a vast amount of experience in wagering tax investigations. It sought ten search warrants for premises, twenty-seven search and seizure warrants for automobiles including the one involved, and five arrest warrants including one for Daniello. With respect to the latter and his automobile, the affidavit pointed clearly to Daniello participating in the undisputed operation of a gambling number wagering office in the first floor rear apartment at 414 Grand Street, Hoboken. The latter premises is a multiple dwelling where Daniello lived. The affidavit also fairly identified Daniello's particular automobile, a 1962 Cadillac, as used by its owner while busily engaged in the Grand Street gambling business.

The actions of Daniello with his car on August 13, 1964 are detailed in the affidavit. They show Daniello as he functioned in the orthodox way of a numbers operator going about his gambling business as carefully as possible. In the apartment itself a number of items identified with the numbers racket were found. There were numerous bank envelopes of a local bank, the same kind discovered in the Daniello automobile. Code Designations on these referred to individual number writers and the controller of the segment to which the writers were attached. There was a slip of white paper which had the same name written on it as appeared on the number writers lists in the apartment. White envelopes like those in the apartment were in the car as were brown paper bags of the same type as those in the apartment which latter contained betting slips. A slip of paper containing twenty-one names was also located in the Cadillac.

There was evidence presented that on August 5, 1964 in the same area an unidentified man parked his Oldsmobile and alighted. He was carrying a brown paper bag partially filled and seemingly of light weight. On Grand Street he met one Mascolo and gave the brown paper package to him. The two of them, while this was going on, looked up and down the street, then Mascolo with the brown bag entered #414. On August 13th the same car with the unidentified man parked across from 414 Grand Street. The driver left and two minutes later Daniello drove up to #414, alighted, carrying a partially filled brown paper package and went into the building. A few minutes later Mascolo came on the scene, opened a door of the Oldsmobile and left the vehicle carrying a white package which seemed to be an envelope. He entered 414 Grand Street, was observed going into the said rear apartment and handing the white package to Daniello.

All of the above evidence was thoroughly identified as integral parts of the day to day carrying on of a numbers lottery gambling business. That expert testimony was given by Internal Revenue Service special agent Joseph Toscano who had extensive experience in criminal investigations of gambling. The testimony was not denied, indeed there was no evidence of any kind offered in behalf of the defense except a stipulation that Daniello was the owner of the automobile involved.

None of the Government's proofs was in any way contradicted. From even the above telescoped account of what Daniello was observed doing and his employment of his Cadillac in those activities we are convinced that the evidence taken from the Cadillac was properly obtained in accordance with a soundly based search warrant. See United States v. Joseph, 174 F.Supp.

539, 543 (E.D.Pa.1959), affd. 278 F.2d 504 (3 Cir. 1960), cert. den. 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960). We are further convinced that said automobile was lawfully seized because of its deliberate use in violation of the United States revenue laws. See United States v. Moriarity, 327 F.2d 345 (3 Cir. 1964).

The judgment of the District Court will be affirmed.