**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ONE 1965 BUICK, etc., et al., Defendants,**
**Wilbur Dean and Delores Dean,**
**Claimants-Appellants.**

**No. 17559.**

United States Court of Appeals
Sixth Circuit.

July 19, 1968.

Louis Stokes, James R. Willis, Elmer J. Whiting, Jr., Cleveland, Ohio, for appellants.

Bernard J. Stuplinski, U. S. Atty., James L. Oakar, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before WEICK, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

WEICK, Chief Judge.

Appellants ground their petition for rehearing on United States v. United States Coin and Currency, 393 F.2d 499 (7th Cir. 1968).

We consider *Grosso* and *Marchetti* in a different "light" than did the Seventh Circuit. As we pointed out in our opinion, the Supreme Court limited its holding to criminal cases. The Court approved its previous decisions in License Tax Cases, 72 U.S. 462 (5 Wall), 18 L. Ed. 497 (1866), and United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927), which upheld the power of Congress to tax unlawful activities. It is not for us to extend *Grosso* and *Marchetti* to civil cases and thereby exempt from taxation persons who derive their income from unlawful activities because they assert their Fifth Amendment rights in a criminal case. There is such a thing as an obligation to pay the excise tax. Even though such a person may not be convicted for criminal violation, because of exclusionary rules of evidence, he still remains civilly liable for the tax.

The statute (26 U.S.C. § 7302) makes it unlawful to have or possess any property intended for use in violating the internal revenue laws, and no property rights exist in such property. The forfeiture action is in rem against the prop-

784

erty so used. Various Items of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931).

The evidence disclosed a large-scale numbers operation by the Deans using their residence as a "bank" and "clearing house". The "bank" consisted of wagers placed by bettors with the Deans and was a fund amounting to $305,632.25 in cash available to pay off the winners.

Mr. Dean told the agents, as the District Court found, that he was the banker and he did not pay the occupational tax or the ten percent excise tax. He gave as a reason for not paying the excise tax that he could not afford to pay it because it came off the top. The court further found that the funds in the "bank" did not belong to the Deans but were merely gambling money in their custody.

 The District Court found that the property seized was intended to be used and was used in violation of the internal revenue laws. There was abundant evidence to support this finding and it justified the order of forfeiture. Lotteries are also prohibited by the Constitution of Ohio and Ohio statutes which impose criminal penalties for engaging in such activities. Art. XV § 6 Const. of Ohio; Ohio Rev.Code ch. 2915 (1953).

We do not regard One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), as apposite. It involved a search without a warrant which the state court determined was without probable cause. The forfeiture there depended upon the admission of illegally obtained evidence in violation of the Fourth Amendment as applied to the state by the Fourteenth Amendment. In the present case, the arrest was lawful and the search was pursuant to the authority of warrants which we have held to be valid. No illegally obtained evidence was admitted in the forfeiture proceeding. It is not necessary that there be a criminal conviction in order to support the forfeiture. Various Items of Personal Property v. United States, supra; cf. Murphy v. United States, 272 U.S. 630, 47 S.Ct. 218, 71 L.Ed. 446 (1926).

In any event, the property forfeited was found to be contraband and appellants are not entitled to have it returned to them. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L. Ed. 279 (1926); United States v. Deane Hill Country Club, Inc., 342 F.2d 794 (6th Cir.), cert. denied, 381 U.S. 937, 85 S.Ct. 1769, 14 L.Ed.2d 701 (1965); United States v. $1,058.00 in United States Currency, 323 F.2d 211 (3rd Cir. 1963).

We do not believe that the District Court should be required to determine the beneficial owners of the "bank" whose wagers constituted the fund available for pay-offs. The agents seized no money or property of the Deans which was not intended for use or used in violating the internal revenue laws.

The petition for rehearing is denied.