UNITED STATES of America, Libelant,

v.

One 1967 BUICK ELECTRA 225 Serial No. 484397H311539 and $806 in U. S. Currency, Respondents.

Civil No. 30–68.

United States District Court
D. New Jersey.

Sept. 16, 1968.

David M. Satz, Jr., U. S. Atty., by Thomas Alworth, Asst. U. S. Atty., Newark, N. J., for libelant.

Herbert L. Zuckerman, Newark, N. J., for respondents.

COOLAHAN, District Judge:

On November 8, 1967, the Regional Commissioner of the Internal Revenue Service for the Mid-Atlantic Region seized 806 dollars and one 1967 Buick Electra from Louis Scordamaglia, pursuant to a search warrant issued under 26 U.S.C. § 7302.[1] The 28-page affidavit on which the search warrant was based details information obtained by confidential informants and by I.R.S. surveillance, which information led the I.R.S. agent who conducted the surveillance and the United States Commissioner to conclude that Scordamaglia was engaged in a numbers lottery business. The complaint alleges that the Buick had been used in an unlawful wagering oper-

ation—one which was carried on without payment of the special tax provided for in 26 U.S.C. § 4411,[2] and without registration, as required by 26 U.S.C. § 4412[3] —and asks that the property be condemned as forfeited to the United States under 26 U.S.C. § 7302. The case is before the court at the present time on claimant Scordamaglia's motion for summary judgment.

In support of the motion, claimant contends that: 1) the forfeiture proceeding is unconstitutional, under Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and 2) the evidence presented in support of the seizure was circumstantial and therefore insufficient. Because it is the court's view that the motion must be granted on claimant's first contention, his second contention need not be considered.

*Marchetti* and *Grosso* were criminal prosecutions against gamblers who had failed to comply with the wagering tax laws. *Marchetti* involved a violation of 26 U.S.C. §§ 4411 and 4412, which are involved in the present case; *Grosso* involved 26 U.S.C. § 4401,[4] the wagering excise tax provision. As stated by the court in *Marchetti*, 390 U.S. at 44, 88 S.Ct. at 700:

The issue before us is *not* whether the United States may tax activities which a State or Congress has declared un-

---

1. Section 7302 provides:
 It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws * * * or which has been so used, and no property rights shall exist in any such property. A search warrant may issue * * * for the seizure of such property. * * *

2. Section 4411 provides:
 There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable.

3. Section 4412 provides, in relevant part:
 (a) Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—
 1. his name and place of residence;
 2. * * * each place of business where the activity which makes him so liable is carried on * * *; and
 3. if he is engaged in receiving wagers for or on behalf of any person liable for tax * * * the name and place of residence of each such person.

4. Section 4401 provides, in relevant part:
 (a) There shall be imposed on wagers * * * an excise tax equal to 10 percent of the amount thereof.

lawful. \* \* \* The issue is instead whether the methods employed by Congress in the federal wagering tax statutes are, in this situation, consistent with the limitations created by the privilege against self-incrimination guaranteed by the Fifth Amendment. The Court found that the registration and tax stamp provisions were constitutionally impermissible, since "the hazards of incrimination created by §§ 4411 and 4412 as to future acts are not trifling or imaginary," and held that those who fail to comply with the provisions may not be "criminally punished."

■ The Government here contends in argument in its brief that *Marchetti* is not controlling because the present proceeding is not criminal and is not aimed at claimant, but is merely an *in rem* proceeding, directed at the property. Various Items of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931); Interbartolo v. United States, 303 F.2d 34 (1st Cir. 1962). The Government cites in support of its position the recent decision in United States v. One 1965 Buick, 397 F.2d 782, 783 (6th Cir. 1968), where it was stated that:

> It is not for us to extend *Grosso* and *Marchetti* to civil cases and thereby exempt from taxation persons who derive their income from unlawful activities because they assert their Fifth Amendment rights in a criminal case. \* \* \* Even though such a person may not be convicted for criminal violation \* \* \* he still remains civilly liable for the tax.

The Sixth Circuit opinion appears to misconceive the true nature of a forfeiture proceeding. It is a quasi-criminal proceeding, One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), not a true civil proceeding. The Government does not seek to recover the tax which it is owed, but instead seeks the forfeiture of property used by the gambler; the gambler remains liable civilly for the full amount of the tax.

Nor is the recent per curiam Third Circuit opinion cited by the Government, United States v. One 1962 Cadillac, 397 F.2d 796 (3rd Cir. 1968), controlling, since it dealt only with the question of the probable cause needed for a search warrant, not with the issue of constitutionality.

■ Instead, this court agrees with the Seventh Circuit Court of Appeals, which held, in United States v. Coin and Currency in the Amount of $8,674.00, 393 F.2d 499 (7th Cir. 1968), that: "As a practical matter, *Marchetti* means that such violations [of 26 U.S.C. §§ 4411, 4412] are no longer punishable directly. It follows that they should not be punished indirectly through forfeiture." See also United States v. $125,882 in U. S. Currency, 286 F.Supp. 643 (S.D. N.Y.1968). Assuming that claimant Scordamaglia was involved in a numbers operation, as the Government alleges, he was faced with the choice of complying with §§ 4411 and 4412, by registering and paying the $50 for a gambling tax stamp, or of refusing to comply and having his automobile confiscated. Under the Fifth Amendment to the Constitution, the Government is forbidden to force him to make that choice. See Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), where the Supreme Court held that it was unconstitutional to force a claimant in a customs forfeiture proceeding to either submit incriminatory documents or to suffer the forfeiture. See also Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1965), reaffirming *Boyd's* holding, which held that a waiver of the Fifth Amendment was involuntary where the choice imposed upon the defendants was one between self-incrimination and forfeiture of their jobs.

■ If the Government desires to proceed civilly against claimant Scordamaglia for the tax due under 26 U.S.C. § 4411 and for the excise tax under 26 U.S.C. § 4401, the Fifth Amendment does not stand in its way. See *Marchetti*, supra,

390 U.S. at 61, 88 S.Ct. 697; *Grosso,* supra, 390 U.S. at 69–70 n. 7, 88 S.Ct. 709. The forfeiture here involved, however, is an added penalty against those who violate §§ 4411 and 4412, see One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, supra, and the Constitution forbids imposition of that penalty here.

Claimant's motion for summary judgment is hereby granted. Let an appropriate order be submitted.