**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1965 FORD STATION WAGON, Serial No. 5A76X149117; $1,515.00 in United States Currency found on person of Guy Paul Osborne; and $770.00 in United States Currency found on person of Thomas F. Thompson, III, Defendant.**

Civ. No. 2067.

United States District Court
S. D. Georgia,
Savannah Division.

Nov. 13, 1968.

Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., for plaintiff.

John J. Sullivan, Savannah, Ga., for defendant.

LAWRENCE, District Judge.

This case involves forfeiture of personal property and currency allegedly used in wagering.

The Government introduced evidence to show that a station-wagon of the defendant Osborne and certain currency found on his person at the time of his arrest was forfeitable in that it was used and intended to be used in violation of the Internal Revenue laws of the United States in the course of accepting wagers. In addition to the seizure of such property and currency the Government seized $770.00 in money found on the person of Thomas F. Thompson, III at the time of his arrest in 1966.

At the conclusion of the hearing on November 7th I stated that judgment would be reserved by me in the matter of Guy Paul Osborne in view of counsel's statement that there was a certiorari proceeding pending in the Supreme Court of the United States involving a similar question. It arose as an aftermath of the 1968 decisions in *Marchetti* and *Grosso* [390 U.S. 62, 88 S.Ct. 709, 716, 19 L.Ed.2d 906] overturning the wagering tax imposed by the internal revenue laws. However, investigation by me discloses no pending certiorari in any such case. In Stone v. United States, 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 certiorari was granted in that case and five similar cases. All were reversed and remanded for further consideration in the light of *Marchetti* and *Grosso*. The only case in which the Circuits involved have apparently acted is United States v. United States Coin & Currency (Angelini), 393 F.2d 499. The Seventh Circuit held that if violators of the wagering tax could not be constitutionally punished directly by criminal prosecution, they cannot be punished indirectly by civil forfeiture. On the other hand, in United States v. One 1965 Buick, 397

F.2d 782 the Sixth Circuit has recently disagreed with that decision.

Under the circumstances I think I should withhold my decision until the judicial climate is clearer.

A different factual situation is involved in the forfeiture of the currency seized on the person of Thomas F. Thompson, III. The Government introduced considerable evidence tending to show that Guy Paul Osborne was engaged in the business of wagering and did not pay the tax. However, the evidence as to Thompson's participation in wagering was very meagre. I do not have a transcript of the testimony at the hearing but my notes indicate that in the evidence presented by the Government there was nothing to connect Thompson with the wagering business or as a partner or associate of Osborne other than that on September 20th and September 24, 1966, during a surveillance by Special Agents, Osborne was observed making visits to Ramelle's Florist Shop where Thompson was employed. He carried an envelope and a money bag into the Shop. Based on this, a search warrant was obtained which was executed by Special Agent Farr on September 27th. In a trash can immediately outside Ramelle's he found some sheets of paper containing what appeared to be gambling data. Evidently someone had tried to burn them but did not accomplish that purpose. A note in an unidentified hand appeared on one of the sheets whereon someone signing his name "Tommy" requested a payment on account. When the arrest was made $733.00 was found in one of Mr. Thompson's pockets wrapped in a parley stub of the type used in the alleged wagering operations of Osborne. Thirty-Seven Dollars ($37.00) was found in another pocket. Such was the extent of the Government's evidence as to Thompson.

As I read Title 26, § 4411 et seq. the tax thereby imposed on persons engaged in receiving wagers is an occupational tax. The statute contemplates one engaging in the "business" of accepting wagers. Title 26, § 4421; Gennaro v. United States, 8 Cir., 369 F.2d 106; Mulligan v. United States, 8 Cir., 358 F.2d 604; United States v. Simon, 7 Cir., 241 F.2d 308. Money found on a person not engaged in such a wagering occupation or business cannot be seized, it seems to me, under Title 26, § 7302 as property used in violation of the revenue laws.

Under the circumstances, it is not necessary to rule on the motion for summary judgment or upon the claim of Mrs. R. F. Davis, his mother, to the money in question.

### FINDINGS OF FACT

1. The evidence does not establish that Thompson was engaged in the wagering business.

2. The evidence does not establish the fact that the money found on him and seized was (a) used in such a business or (b) was used for wagering purposes at all.

3. The evidence did not show that Thompson was a partner or associate in the alleged gambling operations of Osborne or that he had any proprietary interest in any such business.

### CONCLUSIONS OF LAW

1. The Government did not carry the burden of proof of showing by a preponderance of evidence that it is entitled to a forfeiture of the currency seized on the person of Thompson.

2. The currency was not subject to forfeiture, as a matter of law, since there was insufficient proof that Thompson was engaged in the business or occupation of receiving wagers as contemplated by Title 26, § 4411 and § 4412. It is therefore not subject to forfeiture under § 7302 as constituting property used or intended for use in violation of the revenue laws.

### ORDER

The United States of America is ordered and directed to restore to Thompson the currency seized from him, to-wit $770.00, subject to the claim thereto filed by Mrs. R. F. Davis.