**UNITED STATES of America**

v.

**THREE THOUSAND SEVEN HUNDRED ONE DOLLARS and FIVE CENTS in UNITED STATES COIN and CURRENCY. (Steven & Marie Montefelice, Claimants).**

No. 68 C 385(2).

United States District Court
E. D. Missouri, E. D.

June 25, 1969.

**452**

Veryl L. Riddle, U. S. Atty., King M. Trimble, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Daniel P. Reardon, Jr., St. Louis, Mo., for claimants.

## MEMORANDUM

MEREDITH, District Judge.

This libel was filed by the United States seeking a forfeiture of $3,701.05 in coin and currency, pursuant to 26 U.S.C. § 7302. This Court has jurisdiction under 28 U.S.C. § 1355. The claimants of the money, Steven and Marie Montefelice, admit the following facts: that the money was seized at their residence, 4960 Thekla Avenue, St. Louis, Missouri, by agents of the Commissioner of Internal Revenue, on July 13, 1967; that the money was being used or intended for use in the operation of a handbook business at that address; that the tax imposed by 26 U.S.C. § 4411 had not been paid; that no one carrying on such business had registered as required by 26 U.S.C. § 4412; that the excise tax imposed with respect to wagers by 26 U.S.C. § 4401 had not been paid; that the failure to register and pay the tax imposed by the above sections is contrary to the provisions of 26 U.S.C. §

7302. Steven and Marie Montefelice claim title to the money. Notice was duly published in the St. Louis Daily Record on September 12, 1968, and posted in the United States Court House and Custom House, St. Louis, Missouri.

The claimants contend: that the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968), held that a person could not be punished for failure to comply with the requirement of 26 U.S.C. §§ 4411 and 4412 if the privilege of self-incrimination was asserted; that forfeiture is a criminal punishment or penalty; and that such a forfeiture is not permissible under the Supreme Court ruling in Marchetti v. United States, supra. The claimants cite United States v. $8,674, 393 F.2d 499 (7th Cir. 1968), cert. granted 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361 (1968), in support of their contention.

There is a difference of opinion between the Circuit Courts of Appeals as to whether Marchetti, supra, prevents the use of a forfeiture against the property of a person who has invoked the Fifth Amendment privilege against self-incrimination when faced with prosecution. The Seventh Circuit in United States v. $8,674, supra, answered this question in the affirmative. The Sixth Circuit Court of Appeals, in the case of United States v. One 1965 Buick, 392 F.2d 672 (6th Cir. 1968), held that Marchetti, supra, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), did not prevent forfeiture under 26 U.S.C. § 7302. No purpose will be served by restating the reasoning of the Seventh and Sixth Circuits. This Court is persuaded by the Sixth Circuit's decision in United States v. One 1965 Buick, supra. Accordingly, a judgment will be entered directing the forfeiture to the United States of America of the $3,701.05, which was used in violation of the Internal Revenue law in this case.