**UNITED STATES of America,**
**Libelant,**

v.

**THREE THOUSAND and THIRTY-SIX DOLLARS in CURRENCY, and One 1961 Cadillac Convertible, Motor No. 61F127663, Defendant.**

**No. 68 C 431(1).**

United States District Court
E. D. Missouri, E. D.

June 26, 1969.

Daniel Bartlett, Jr., U. S. Atty., King M. Trimble, Asst. U. S. Atty., St. Louis, Mo., for libelant.

Daniel P. Reardon, Jr., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

The United States as libelant instituted this action to forfeit $3,036.00 and one 1961 Cadillac Convertible seized by Internal Revenue Agent, William Tansey, during the course of a gambling raid pursuant to a legal search warrant obtained by Internal Revenue Service Agent, Glennon Roewe (Government's Exhibit 2). Jurisdiction is based upon 28 U.S.C.A. § 1355. The seizure and proposed forfeitures are made pursuant to 26 U.S.C.A. § 7302, which provides that there are no property rights in property used in violation and contravention of the revenue laws of the United States. 26 U.S.C.A. §§ 4411 and 4412 require those who accept wagers to register and purchase a gambling occupational tax stamp.

Two issues are before this court: The first is the constitutionality of the forfeiture proceedings based upon the above sections of the Internal Revenue Code in light of the Supreme Court's decisions in Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889. Courts which have considered the matter since those decisions have split on this precise issue. The Seventh Circuit Court of Appeals, in United States v. United States Coin & Currency, etc., 393 F.2d 499, cert. granted, held that in light of those decisions, a forfeiture proceeding under these sections is constitutionally impermissible. The Sixth Circuit in United States v. One 1965 Buick, 392 F.2d 672, held that the procedure was one designed as a revenue protection device, and therefore did not run afoul of the Constitution. The Eighth Circuit has not yet decided the questions. However, in United States v. Windle, 158 F.2d 196, the Eighth Circuit Court utilized the revenue protection device reasoning. No later decision persuades this court to the contrary.

It would serve no useful purpose to repeat and analyze the reasoning and authority relied upon by the Sixth and Seventh Circuits. It is sufficient to say, that based upon a careful study of those decisions and the many others relating to this question, it is the opinion of this court that the Sixth Circuit is more persuasive in United States v. One 1965 Buick, supra. The claimant's attorney has briefed the point well and the argument there presented is both strong and convincing. However, reason and logic compel this court to accept the opinion of the Sixth Circuit. Therefore, the court holds that the forfeiture of the property here involved is not constitutionally impermissible in the face of Grosso and Marchetti.

The second issue presented is the sufficiency of the evidence adduced by the government in support of its contention that the property here involved was being used in violation of the revenue laws of the United States, more specifically sections 4411 and 4412.

It is absolutely clear that the claimant, Louis Ferraris, has not registered

nor purchased the required stamp. The sole question is whether the evidence demonstrated that the claimant was required to so do, that is, did he accept wagers, and if so, did he use the property seized in his wagering business?

One witness, Richard Sirmer, testified that he saw claimant accept wagers at Lou's Hi-Pointe Cafe, and indeed worked with him in the wagering business. He further testified that the car was used in transporting bets.

Government's Exhibit 1 was described by Sirmer as a betting tab, said exhibit having been seized at the cafe in pursuance to the search warrant.

Agent Tansey, who executed the search warrant, testified as to the identity of Exhibit 1 and further identified Exhibit 3, a notebook. He then proceeded to trace the betting tab (Exhibit 1) into the notebook.

The evidence points clearly to an operation of a wagering establishment by the claimant. The money seized came from places not seemingly connected with the operation of the cafe business, and indeed the ·Agent did not seize any money from the two· registers of the cafe. The seizure of the funds was justified in view of Sirmer's testimony as to the possibility of a payoff of $1,600.-00 on any one bet and because of the fact that no single cache of money was equal to that amount. The seizure of the car is clearly supported by Sirmer's testimony in relation to its use and the claimant's knowledge thereof.

Claimant called his accountant, who, however, was unable to identify any of the funds as coming from the cafe's checking or sales accounts.

■ As pointed out by the government in its brief, the uncontroverted evidence shows that the claimant accepted wagers; was required to register and purchase a tax stamp but had not done so; and that the money and car seized were used in contravention of sections 4411 and 4412 IRC, 1954.

This memorandum opinion is adopted by the court as its findings of fact and conclusions of law. The clerk will prepare and enter the proper order giving judgment to the United States, and directing the forfeiture of the $3,036.00 and the 1961 Cadillac Convertible (Motor No. 61F127663) seized.