**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William SCOTT, Jr., Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter DOMBKOWSKI, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert DOMBKOWSKI, Defendant-Appellant.**

Nos. 19253–19255.

United States Court of Appeals, Sixth Circuit.

May 11, 1970.

Harland M. Britz, Fuhrman, Gertner, Britz & Barkan, Toledo, Ohio, for appellants.

Robert B. Krupansky, U. S. Atty., William M. Connelly, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and TAYLOR *, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Northern District of Ohio, Western Division requiring the Appellants to forfeit certain property used in connection with a gambling enterprise run by the Appellants, on which the appropriate wagering occupational taxes had not been paid. 26 U.S.C. §§ 4411, 4901, 7302 and ·7262 (1964).

The facts were stipulated pursuant to Rule 10(d), Federal Rules of Appellate Procedure and raise a single issue: Whether the decisions of the United States Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), forbid the imposition of certain civil forfeitures. Having found the criminal cases of *Marchetti* and *Grosso* to be inapplicable, this Court has held that the civil forfeiture provisions of the wagering tax laws are constitutional. United States v. One 1965 Buick, 392 F.2d 672 (6th Cir. 1968), opinion on rehearing, 397 F.2d 782 (6th Cir.). *Contra*, United States v. United States Coin and Currency, 393 F.2d 499 (7th Cir. 1968) cert. granted, 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361.

* Honorable Robert L. Taylor, Chief Judge, United States District Court, E. D. Tennessee, sitting by designation.

This same issue is presently before the United States Supreme Court, a petition for certiorari having been granted in *United States Coin and Currency, supra*. In that a decision on that case does not seem imminent and the instant action has been pending on appeal for more than six months, we believe it is appropriate to dispose of this matter consistent with the prevailing law of this Court of Appeals. On the authority of United States v. One 1965 Buick, 392 F.2d 672 (6th Cir. 1968) opinion on rehearing, 397 F.2d 782 (6th Cir.), the judgment of the District Court is affirmed.