**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Isaac TIKTIN et al., Defendants-Appellees.**

**No. 19173.**

United States Court of Appeals, Sixth Circuit.

June 9, 1970.

Jill Volner, Department of Justice, Criminal Division, Washington, D. C., Bernard J. Stuplinski, U. S. Atty., Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, on the brief, Charles Ruff, Richard L. Mays, Attys., Department of Justice, Washington, D. C., of counsel, for appellant.

Martin J. Welsh, Cleveland, Ohio, for appellees.

Before EDWARDS and CELEBREZZE, Circuit Judges, and HOGAN,* District Judge.

EDWARDS, Circuit Judge.

This is an appeal by the United States under the provisions of 18 U.S.C. § 3731, from an order entered on September 28, 1968, in the United States District Court for the Northern District of Ohio, granting the motion of the appellees for the suppression of certain property seized by special agents of the Internal Revenue Service pursuant to search warrants.

Early in 1966, special agents of the Internal Revenue Service initiated an investigation into alleged gambling activities being carried on at the Zenith Barbecue, an establishment owned by the appellees. During the course of their investigation, the special agents discovered the presence of betting slips, racing forms, scratch sheets and other wagering paraphernalia used by appellees and their agents in the operation of a wagering scheme on which the proper federal wagering taxes had not been paid. *See* 26 U.S.C. §§ 4401, 4411, 4412, 4901(a), 7203 and 7262. In May, June and July of 1966, the special agents filed sworn affidavits alleging the foregoing, and requested warrants to search the appellees' premises and seize the gambling paraphernalia. A United States Commissioner, finding probable cause to believe violations of the federal wagering tax laws existed, issued the warrants, which were properly executed and returned. The wagering paraphernalia was seized and confiscated, pursuant to 26 U.S.C. § 7302.

Shortly thereafter, in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), the United States Supreme Court held that an individual who refuses to pay the wagering taxes and file the requisite information on Fifth Amendment grounds, cannot be "criminally punished" for violation of the wagering tax laws.

As a result, the United States did not prosecute the appellees for violation of the federal wagering tax laws, but elected to prosecute them for violating and

---

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, sitting by designation.

conspiring to violate the Anti-Racketeering Act, 18 U.S.C. §§ 2, 371 and 1952. On March 8, 1968, a federal grand jury, basing its verdict substantially upon the evidence seized in 1966, returned an indictment against the appellees.

█ Prior to trial, the appellees moved the District Court for the Northern District of Ohio to suppress the evidence and to return the confiscated property, on the theory that *Marchetti* and *Grosso* rendered the use of it in a criminal prosecution against them unconstitutional. The District Court agreed and granted the appellees' pretrial motion to suppress. United States v. Tiktin, Criminal No. 68090 (Northern District of Ohio, Eastern Division, filed July 9, 1968). The government then moved for reconsideration on the basis of this court's decision in United States v. One 1965 Buick, 397 F.2d 782 (6th Cir. 1968), wherein this court refused to suppress similar evidence seized under similar circumstances in a civil action by the government to recover the unpaid wagering taxes. The District Court overruled the government's motion and affirmed its original suppression order. United States v. Tiktin, Criminal No. 68090 (Northern District of Ohio, Eastern Division filed September 26, 1968). The government appealed. Appellees move for dismissal of the appeal on the theory that the order of the District Court is not a final order. We find no merit to this contention and accordingly deny the motion.

█ The appellees do not contend that the search warrants, issued on the ground of violation of the federal wagering tax laws, were in any way defective, that the affidavits in support thereof failed to establish probable cause for their issuance, or that the property seized is the fruit of an illegal search under the Fourth Amendment. The sole question before this court is whether evidence seized pursuant to a search warrant issued on the basis of alleged violation of the federal wagering tax laws should be suppressed in a prosecution under the Anti-Racketeering Act.

The carefully circumscribed holdings of the United States Supreme Court in *Marchetti* and *Grosso* are that those who properly assert their constitutional privilege against self-incrimination cannot be criminally punished for their failure to register and to pay the occupational tax. The Court did not hold the federal wagering tax statutes to be unconstitutional. Therefore, in United States v. One 1965 Buick, 397 F.2d 782 (6th Cir. 1968), this court held that property seized by the government prior to *Marchetti* and *Grosso* on the grounds of failure to register and to pay the wagering taxes was admissible in a subsequent civil proceeding by the government to recover the unpaid wagering taxes. This holding was simply a strict application of the last paragraph of the Supreme Court's opinion in *Marchetti:*

"We emphasize that we do not hold that these wagering tax provisions are as such constitutionally impermissible; we hold only that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements. If, in different circumstances, a taxpayer is not confronted by substantial hazards of self-incrimination, or if he is otherwise outside the privilege's protection, nothing we decide today would shield him from the various penalties prescribed by the wagering tax statutes." Marchetti v. United States, 390 U.S. 39, 61, 88 S.Ct. 697, 709 (1968).

In the rehearing of United States v. One 1965 Buick, 397 F.2d 782 (6th Cir. 1968), we stated that:

"It is not for us to extend *Grosso* and *Marchetti* to civil cases, and thereby exempt from taxation persons who derive their income from unlawful activities because they assert their Fifth Amendment rights in a criminal case. There is such a thing as an obligation to pay the excise tax. Even though such a person may not be convicted for criminal violation, because of exclusionary rules of evidence, he still

remains civilly liable for the tax." United States v. One 1965 Buick, *supra* at 783.

Similarly we feel that there having been probable cause to believe that valid federal statutes were being violated and the warrants having been properly issued, executed and returned, the District Court was in error in granting the motion to suppress. The fact that defendant may now assert his Fifth Amendment rights and avoid criminal conviction for federal gambling tax violations does not in our view serve to invalidate this lawful search and seizure. Dealing with a similar search, the Fourth Circuit has said:

"However, appellants now contend that the search warrant is invalid under the *Marchetti* and *Grosso* decisions. We find no support in those cases for appellants' contention. The Supreme Court did not invalidate the wagering tax statutes; it did not abolish the criminal offenses therein specified; it did not say that an indictment or an information would not lie. The carefully circumscribed holding is that a defendant may not be *convicted* of a criminal violation of the wagering tax laws *if* he has properly claimed his constitutional privilege against self-incrimination. Under the circumstances, we conclude that where, as here, there exists probable cause for belief that an offense has been committed (which appellants conceded) a valid search warrant may issue even though the Government may be unable to convict the defendant if he properly raises his claim of privilege against self-incrimination. We hold that the judgment for wagering excise tax deficiencies rests upon a valid assessment and will be affirmed." Washington v. United States, 402 F.2d 3, 6 (4th Cir. 1968). (Emphasis in original.) (Footnote omitted.) *See also* DiPiazza v. United States, 415 F.2d 99 (6th Cir. 1969).

The judgment is vacated and the case is remanded to the District Court for further proceedings.

CELEBREZZE, Circuit Judge (dissenting).

The majority holds that the Government may introduce into evidence in a criminal prosecution property that could not have been lawfully seized but for the Appellees' exercise of their Fifth Amendment rights. I respectfully dissent.

The evil that *Marchetti* and *Grosso* were fashioned to eliminate was the "real and appreciable hazard" that if a person were forced to register under the wagering tax laws in order to avoid criminal penalties for their violation, then he exposed himself to prosecution for *other crimes* by other state and federal agencies to whom the Internal Revenue Service might supply its registration list.

"Substantial hazards of incrimination as to past or present acts plainly may stem from the requirements to register and to pay the occupational tax. In the first place, satisfaction of those requirements increases the likelihood that any past or present gambling offenses will be discovered and successfully prosecuted. It both centers attention upon the registrant as a gambler, and compels 'injurious disclosure[s]' which may provide or assist in the collection of evidence admissible in a prosecution for past or present offenses. These offenses need not include actual gambling; they might involve only the custody or transportation of gambling paraphernalia, or other preparations for future gambling. Further, the acquisition of a federal gambling tax stamp, requiring as it does the declaration of a present intent to commence gambling activities, obliges even a prospective gambler to accuse himself of conspiracy to violate either state gambling prohibitions, or federal laws forbidding the use of interstate facilities for gambling purposes. [Citations omitted]" Marchetti v. United States, 390 U.S. 39, 52–53, 88 S.Ct. 697, 705 (1968).

I believe that if a prosecution for other crimes may not lawfully be based upon a coerced waiver of a person's Fifth Amendment privilege, Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 55, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), then such a prosecution may not lawfully be founded upon evidence which could not lawfully have been seized but for his assertion of the Fifth Amendment privilege.

The search warrants in this case specified as grounds for probable cause *only* violations of the federal wagering tax laws. There is no allegation in the warrants or in the affidavits supporting them that the Appellees had violated the Anti-Racketeering Act. Therefore, the evidence could not have been seized, or made a basis for the instant prosecutions, had the Appellees not asserted their Fifth Amendment right not to register and pay the taxes.

The crux of the majority's opinion is the statement that:

"The fact that defendant may now assert his Fifth Amendment rights and avoid criminal conviction for gambling tax violations does not in our view serve to invalidate this lawful search and seizure." *post*, p. 1030.

The issue in this case, however, is *not* whether this was a lawful search and seizure, or whether the Fifth Amendment invalidates it. The search and seizure was clearly reasonable and lawful under the Fourth Amendment, having been supported by a finding of probable cause of violation of the tax laws. Furthermore, in this Circuit, as well as in the Fourth Circuit, such property may be confiscated and the Government may sue for payment of the taxes. United States v. One 1965 Buick, 397 F.2d 782 (6th Cir. 1968). *Accord,* Washington v. United States, 402 F.2d 3 (4th Cir. 1968). *Contra,* United States v. United States Coin & Currency in Amount of $8,674.00, 393 F.2d 499 (7th Cir. 1968), cert. granted 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361, reargument granted, 395 U.S. 918, 89 S.Ct. 1768 (1969). Moreover, the issue in this case is not whether the wagering taxes are *civilly* enforceable, as those cases hold. It is whether property seized for their violation must be suppressed in a criminal prosecution under another statute. I believe it must. Silbert v. United States, 282 F.Supp. 635, 645–648 (D.Md.1968). Stated somewhat differently, the issue is whether "those who properly assert the constitutional privilege as to these [wagering tax] provisions may * * * be *criminally punished* for failure to comply with their requirements." [Emphasis added] The United States Supreme Court thinks not. Marchetti v. United States, 390 U.S. 39, 61, 88 S.Ct. 697, 709 (1968).

I would affirm the District Court's suppression order.