[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15999
Non-Argument Calendar

_____

D. C. Docket No. 04-00012-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDE LEE WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 9, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Claude Lee Woods appeals the district court's order denying his

motion to suppress evidence discovered during a search of his car. He also appeals his conviction and 262-month sentence, imposed after a jury found him guilty of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Finally, Woods appeals the district court's order denying his motion to dismiss for violation of his speedy trial and double jeopardy rights.

This case involved a warrantless search of Woods's car, during which police officers found more than 149 grams of methamphetamine and other drug paraphernalia. Woods argues that there was no probable cause for the police officers to stop him or to perform a search of his car. Woods also argues that there is insufficient evidence to support a finding that he intended to distribute methamphetamine. Further, he contends that the district court erred in calculating his guideline sentence range and imposed an unreasonable sentence. Finally, Woods alleges that the district court erred in denying his motion to dismiss for violation of his speedy trial rights because too much time passed between his indictment and trial, and for violation of his double jeopardy rights because, he alleges, the state civil forfeiture of his property should have barred the federal prosecution.

## I. Motion to Suppress

In reviewing a district court's denial of a motion to suppress, we employ a mixed standard of review. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We review the district court's findings of fact for clear error, and the district court's application of the law to those facts *de novo*. *Id.* "[W]hen considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the party prevailing in the district court," which is the government in this case. *United States v. Hromada*, 49 F.3d 685, 688 (11th Cir. 1995).

The Fourth Amendment guarantees that individuals will be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 1772 (1996). Therefore, an automobile stop is "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810, 116 S. Ct. at 1772. The "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* Alabama law prohibits

3

individuals from operating motor vehicles if they are under the influence of alcohol. ALA. CODE § 32-5A-191(a).

Regarding the scope of a law enforcement officer's ability to search a suspect, his possessions, or his residence, "[t]he Fourth Amendment generally requires police to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S. Ct. 2013, 2014 (1999). Searches of vehicles, however, are an established exception to the requirement for a warrant. *Id.* The automobile exception allows officers to search any item or compartment in the car that might contain the object of the search without a warrant, as long as they have probable cause to believe that it holds evidence of a crime. *United States v. Strickland*, 902 F.2d 937, 942 (11th Cir. 1990). The automobile exception does not contain a separate exigency requirement. *Dyson*, 527 U.S. at 466-67, 119 S. Ct. at 2014. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." *Id.* at 467, 119 S. Ct. at 2014 (quotation omitted). "[T]he requirement of exigent circumstances is satisfied by the 'ready mobility' *inherent* in all automobiles that reasonably appear to be capable of functioning." *United States v. Nixon*, 918 F.2d 895, 903 (11th Cir. 1990).

We decide probable cause issues on an objective basis, without regard to the

law enforcement officers' subjective beliefs. *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997). "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Magluta,* 418 F.3d 1166, 1182 (11th Cir. 2005) (quotations omitted), *cert. denied*, 126 S. Ct. 2966 (2006).

Here, we conclude from the record that the district court correctly denied Woods's motion to suppress because there was probable cause for the traffic stop and probable cause for the search of Woods's car. First, construing the evidence in the light most favorable to the government, the traffic stop was not pretextual because the officers observed Woods weave over the fog line at least three times. This weaving was sufficient to establish probable cause that a traffic violation occurred because weaving indicates that the driver may be under the influence of alcohol, which is a traffic violation in Alabama. *See Strickland*, 902 F.2d at 939-41; ALA. CODE § 32-5A-191(a).

Second, the officers had probable cause to search Woods's car, making the search lawful. *See Magluta*, 418 F.3d at 1182. Both police officers observed that Woods had an opened alcoholic beverage in his lap while driving. They also observed rolling papers in the driver's side door that are commonly used to make

marijuana cigarettes. Both officers smelled the faint odor of burnt marijuana. Given all of these observations, the officers had probable cause to believe that contraband would be found in the car. We conclude that the district court properly denied Woods's motion to suppress because the warrantless search was legal under the automobile exception.

## II. Sufficiency of the Evidence

We review "challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). We do not consider the sufficiency of the evidence to prove elements that are not challenged on appeal. *See United States v. Starrett*, 55 F.3d 1525, 1541-42 (11th Cir. 1995).

Section 841(a)(1) of Title 21of the U.S. Code defines the offense of which Woods was convicted and states that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). In order to convict a defendant of possession with the intent to

distribute methamphetamine, the government must establish three elements: "(1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir.1999) (quotation omitted). The intent to distribute may be inferred from the amount of drugs involved. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1635 (2006).

In the present case, Woods only challenges whether the evidence is sufficient to show that he intended to distribute the methamphetamine and does not dispute any other element of the offense. Woods's argument that insufficient evidence supports the conviction because the government did not show evidence of drug sales, but only of possession of a large amount of drugs, fails. Viewing the evidence in the light most favorable to the government, the large amount of methamphetamine in Woods's possession, over 149 grams, and Woods's possession of materials related to drug distribution, including electronic scales, sandwich bags, and a large number of rolled $ 100 bills, support a finding that Woods intended to distribute the methamphetamine. Therefore, we affirm Woods's conviction.

## III. Sentencing Guidelines

### A. Calculation of Guidelines Range

7

Although the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), rendered the Guidelines advisory and established a reasonableness standard for reviewing the ultimate sentence imposed on a defendant, the district court still is obligated to consult the Guidelines and "calculate *correctly* the sentencing range prescribed by the Guidelines." *United States v. Crawford,* 407 F.3d 1174, 1178 (11th Cir. 2005). In this appeal, Woods challenges whether the district court correctly calculated his guidelines range because he argues the court made factual findings in violation of the Sixth Amendment, based its calculation on prior convictions that had been consolidated for sentencing, and failed to give a two-level decrease for acceptance of responsibility.

### 1. *Enhancements Not Found By the Jury*

Woods argues that his Sixth Amendment right to a trial by jury was violated by judicial fact-finding at the sentencing hearing. The Sixth Amendment right to trial by jury is violated where, under a mandatory guidelines system, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. *See Booker*, 543 U.S. at 249-53, 125 S. Ct. at 759-61. However, a constitutional error only occurs where the sentencing judge applies the Guidelines as if they are mandatory after using

8

extra-verdict enhancements to reach a guidelines range. *See United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *cert. denied*, 545 U.S. 1127 (2005).

Here, Woods's argument presumably refers to the enhancement for the drug quantity involved in the offense. Although the district court had to determine the amount of drugs involved in order to set the base offense level, it did not consider the Guidelines mandatory when imposing the sentence. *See Rodriguez*, 398 F.3d at 1301. Therefore, Woods's argument that his Sixth Amendment rights were violated by judicial fact-finding fails.

## 2. *Criminal History*

Woods argues that several of his prior convictions should not have been counted separately when determining his criminal history score because the convictions had been consolidated for sentencing purposes. Section 4A1.2 of the Guidelines provides, "Prior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2). Unrelated cases are those where an intervening arrest occurred between offenses. *Id.*, comment. (n.3). If there was no intervening arrest and the offenses were consolidated for sentencing purposes, the cases are considered related. *Id.*

After reviewing the record, we conclude that Woods's prior convictions were properly counted separately when determining his criminal history score

9

because they were separated by intervening arrests. Therefore, Woods's criminal history score was calculated correctly.

### 3. *U.S.S.G. § 3E1.1*

Woods argues that the district court should have given him a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We review the district court's decision whether to adjust a sentence for acceptance of responsibility only for clear error. *United States v. Brenson*, 104 F.3d 1267, 1288 (11th Cir. 1997). Section 3E1.1(a) of the Guidelines states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). The commentary to § 3E1.1 provides,

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for [the acceptance of responsibility] reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur . . . where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . . [H]owever, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

*Id.*, comment. (n.2). Applying this commentary, we have held that where a defendant denied an essential element of the crime at trial and where the decision

10

to proceed to trial was not to challenge the applicability or constitutionality of the statute, the trial court's decision to deny an acceptance of responsibility reduction was not clear error. *See Brenson*, 104 F.3d at 1289.

The record demonstrates that Woods went to trial and denied that he intended to distribute the methamphetamine. Intent to distribute was an element of the crime for which he was indicted. *See Gamboa*, 166 F.3d at 1331. Because Woods disputed an element of the crime at trial, we conclude that the district court did not clearly err in finding that he failed to qualify for an acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1, comment. (n.2).

**B.    Reasonableness of Sentence**

We review final sentences for reasonableness, and the defendant has the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "Review for reasonableness is deferential." *Id.* Following *Booker*, we held that, in imposing a sentence, the district court must first accurately calculate the defendant's guideline range and, second, consider the factors set forth in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *Id.* at 786. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to

11

protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* (citing 18 U.S.C. § 3553(a)). However, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the 3553(a) factors or to discuss each of the 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather it is sufficient, under *Booker*, for the district court to acknowledge that "it has considered the defendant's arguments and the factors in section 3553(a)." *Talley*, 431 F.3d at 786. In addition, while a sentence within the guidelines range is not *per se* reasonable, it is expected to be reasonable. *Id.* at 788.

Woods's sentence is reasonable. First, as discussed above, the district court properly calculated Woods's guideline range. Second, the district court not only stated that it had considered the 18 U.S.C. § 3553(a) factors, but specifically listed the ones it found most important in Woods's case. Third, the district court stated that a lower sentence would have been insufficient to accomplish the goals of the § 3553(a) factors. Fourth, the district court sentenced Woods within the guideline range. Because the district court properly calculated the guidelines range and imposed a reasonable sentence, we affirm Woods's sentence.

12

## IV. Motion to Dismiss

### A.    Speedy Trial

Woods does not indicate whether his motion to dismiss for violation of his speedy trial rights relies on the Speedy Trial Act or the Speedy Trial Clause of the Constitution.  However, Woods's arguments before the sentencing court concerning a specific number of days allowed between phases of a criminal prosecution indicates that he relied on the Speedy Trial Act.[1]  We review a claim under the Speedy Trial Act *de novo*.  *United States v. Dunn*, 345 F.3d 1285, 1288 (11th Cir. 2003).  The Speedy Trial Act provides, in pertinent part, that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."  18 U.S.C. § 3162(a)(2); *United States v. Miles*, 290 F.3d 1341, 1349 n.5 (11th Cir. 2002).

The record demonstrates that Woods did not move for dismissal until the sentencing hearing, after his trial and conviction.  Therefore, Woods waived any right to have the case dismissed for violation of the Speedy Trial Act, *see* 18

---

[1] Although we address Woods's argument under the Speedy Trial Act, Woods's argument would also fail under the Speedy Trial Clause because he caused any delay that existed between his indictment and trial, given that he was in state prison after the indictment and filed two written and signed speedy trial waivers before his trial commenced.  *See United States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996); *United States v. Twitty*, 107 F.3d 1482, 1490 (11th Cir. 1997).

U.S.C. § 3162(a)(2); *Miles*, 290 F.3d at 1349 n.5, and we affirm the district court's denial of his motion to dismiss for violation of speedy trial rights.

## B.    Double Jeopardy

We review *de novo* a district court's ruling on double jeopardy. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360 (11th Cir. 1994). The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This constitutional safeguard is founded on the principle that

> the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88, 78 S. Ct. 221, 223 (1957). The Double Jeopardy Clause protects defendants in three situations: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81, 109 S. Ct. 2522, 2525 (1989).

The Double Jeopardy Clause applies to proceedings that are "essentially criminal," as well as to criminal proceedings. *See Helvering v. Mitchell*, 303 U.S. 391, 398-99, 58 S. Ct. 630, 633 (1938). The Double Jeopardy Clause does not

14

apply in several contexts. For example, because they are *in rem* proceedings in which the government proceeds against property, civil forfeiture proceedings are not criminal proceedings against the defendant. *Waterloo Distilling Corp. v. United States*, 282 U.S. 577, 581, 51 S. Ct. 282, 284 (1931).

Double Jeopardy issues also may arise when more than one sovereign prosecutes the defendant. Convictions on identical offenses with identical elements do not violate the Double Jeopardy Clause when the charges arose in two separate sovereigns. *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1311 (11th Cir. 1999). This is based upon the common law concept that a crime is an offense against the sovereignty of a government. *Heath v. Alabama*, 474 U.S. 82, 88, 106 S. Ct. 433, 437 (1985). Thus, the Double Jeopardy Clause does not bar successive prosecutions by a state and the federal government. *817 N.E. 29th Drive*, 175 F.3d at 1311.

Woods argues that the federal prosecution violated his double jeopardy rights because the state had already civilly forfeited his property, and the two proceedings constituted two punishments for the same crime. Woods's arguments are without merit. First, civil forfeitures are not punishment under the Double Jeopardy Clause and, therefore, the federal prosecution and punishment was not a second jeopardy. *See Waterloo Distilling Corp.*, 282 U.S. at 581, 51 S. Ct. at 284.

15

Second, the civil forfeiture was done by the City of Dothan in the State of Alabama, whereas this case was prosecuted by the federal government. The State of Alabama and the federal government are separate sovereigns, and each may prosecute Woods for his violation of each sovereign's laws. *See 817 N.E. 29th Drive*, 175 F.3d at 1311. Therefore, we conclude that the district court did not violate Woods's double jeopardy rights, and we affirm the district court's denial of Woods's motion to dismiss.

## V. Conclusion

For the above-stated reasons, we affirm the district court's orders denying Woods's motion to suppress and his motion to dismiss. We also affirm Woods's conviction and sentence.

**AFFIRMED.**